### WISE et al. *v.* BROCKER.

WRIT OF ERROR — *new suit.* A proceeding by writ of error to reverse a decree of a district court is a new suit.

PRACTICE *in suit against representative of deceased party to decree.* Error may be brought against the executrix and sole devisee of a deceased party to a decree, without preliminary proof of the death of such party or of the appointment of the person sued.

ABATEMENT — *what is matter for.* If the person sued is not executrix and devisee, as charged, she may plead the fact in abatement.

### *Error to District Court, Arapahoe County.*

WILLIAM A. WISE and Anna Wise sued out a writ of error to the district court of Arapahoe county, to bring up the record of a decree in a cause wherein Franz A. Brocker was complainant, and the said William and Anna were respondents. Amelia L. Brocker was summoned as executrix of the last will and testament, and sole devisee of the estate of Franz A. Brocker.

Messrs. BROWN & PUTNAM, for the said Amelia, now moved to dismiss the writ, for the reason that it did not

appear that the said Franz A. Brocker was dead, and that the said Amelia had any interest in the record aforesaid or in the property therein described.

Mr. M. BENEDICT, *contra.*

Per CURIAM. Franz A. Brocker obtained a decree foreclosing a mortgage given by plaintiffs in error, and defendant in error is summoned as executrix of his will and sole devisee of his estate. As plaintiffs in error were parties to the decree, and directly affected by it, of course they may prosecute this writ; but it is said that Franz A. Brocker is dead, and we have no evidence that defendant in error is executrix as charged. If it were necessary to furnish evidence of the death of the person against whose estate relief is sought, and of the appointment of an executor or administrator of the estate, before suing the representative, there would be some force in the objection. This is a new suit and defendant in error is charged as executrix of an estate. If she is not the representative of the estate she may plead the fact in abatement, but we cannot assume the fact upon motion to dismiss. If there is no further appearance by defendant, probably we shall require evidence of the death of Franz A. Brocker, and of the appointment of defendant as executrix, in order that we may know that the proper party has been summoned, but we cannot dismiss the writ upon motion.

*Motion denied.*