## CLAYTON ET AL. V. CHEELEY.

1. A writ of error must be prosecuted within five years from the date of the rendition of the decree in the court below.

2. Heirs-at-law, prosecuting in that character, have no greater rights than the ancestor whom they represent, and where he, if living, would not be entitled to a writ of error, it follows that his personal representatives, as such, are equally without the remedy.

Mr. WILLARD TELLER, for defendant in error, now moved to dismiss the writ for reasons stated in the opinion.

Messrs. ROCKWELL & BISSELL, *contra*.

BECK, J.  Two motions, both filed on the same day, are pleadings in this cause—one on the part of plaintiffs in error, to reverse the decree below without a submission of the cause, on the ground that this court held in another proceeding involving the validity of this decree, that it was void for want of jurisdiction;[*] also for the reason that the defendant has not joined in error, although served with process.

On the part of defendant in error a motion is interposed to dismiss the writ of error, because not sued out in time, and because no writ of error lies in this cause.

The motion to dismiss the writ of error has precedence. The record disclosed that the complainant below, James W. Clayton, since deceased, obtained a decree of divorce from the plaintiff in error, Sarah A. Clayton, his wife, at the April term, 1868, of the Gilpin County District Court.  Said Sarah A. Clayton, and Lillie W. and Jessie L. Clayton, the latter described in the writ as daughters of Sarah A. Clayton, and heirs-at-law of James W. Clayton, deceased, have sued out the writ of error.  The writ bears date February 24, 1880.

So far as Sarah A. Clayton is concerned, her right to the writ is clearly barred by lapse of time.  In respect to the

[*] *Clayton et al.* v. *Clayton's Heirs, etc.*, 4 Col. 410.

other plaintiffs in error, we are of opinion that they have no standing in court. They are described as heirs-at-law of James W. Clayton, deceased. Prosecuting in . this character, their rights could be no greater than the rights of the ancestor whom they represent. But the decree sought to be reversed was in favor of the ancestor, granting him the specific relief prayed for in his bill. He therefore, if living, would not be entitled by change of circumstances or sentiment to have the decree reversed; from which it necessarily follows that his personal representatives, as such, are equally without remedy. The decree does not affect their property rights as heirs of the deceased, and as prospective heirs of their co-plaintiff in error, Sarah A. Clayton, they are equally without any standing in court.

The motion to dismiss the writ of error must prevail.

*Writ dismissed.*