## APRIL TERM, 1883.

### WEBSTER, ASSIGNEE, V. GAFF ET AL.

1. Under the United States statutes (section 5057), no suit can be maintained between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee.
2. A writ of error is, in this state, the commencement of a new suit.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. BROWNE and PUTNAM and Mr. CHARLES H. TOLL, for plaintiff in error.

Messrs. CHARLES and DILLON and Mr. L. C. ROCKWELL, for defendant in error.

*Per Curiam.* This is a motion to dismiss the writ of error on the ground that the writ was not sued out within "the two years" allowed by the bankrupt law.

On the 27th day of April, A. D. 1876, John Mechling, since deceased, who was then assignee of said bankrupt, filed his bill of complaint in the district court of Arapahoe county, on the chancery side thereof, praying that a certain decree of foreclosure of mortgage and proceedings of sale of mortgaged premises, previously had and entered in said court, wherein the defendants in error, Thomas Gaff and James W. Gaff, were complainants, and the said George W. McClure was respondent, be declared *null* and *void;* that the same be set aside, and that the said assignee be restored to the possession of certain real estate mentioned in said proceedings, and for other relief. On the 22d day of May, A. D. 1878, a decree was entered in said cause, dismissing the complainant's bill.

To review this decree, the present writ of error was sued out on the 6th day of March, A. D. 1883. The controversy relates to real estate situated in the city of Denver, formerly owned by said bankrupt. Section 5057 of the Revised Statutes of the United States provides that: "No suit, either at law or in equity, shall be maintained in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time an assignee is appointed."

In behalf of the motion, we have been cited to the case of Robert E. Jenkins, as assignee in bankruptcy of Samuel J. Walker, plaintiff in error, *v.* The International Bank of Chicago *et al.*, defendants in error, decided by the supreme court of the United States at the October term thereof, A. D. 1882.

That was a writ of error to the supreme court of the state of Illinois, and presented the same question upon which we are called to pass in this case. The court held that the suing out of a writ of error more than two years after the final decree was a new suit, within the limitation clause of the bankrupt law. We understand the supreme court to base its ruling upon a construction of the bankrupt act, as well as upon a rule of decision of the supreme court of Illinois respecting a writ of error, which rule of decision is that a writ of error is the beginning of a new suit. After stating that the Illinois rule would prevail in such case, the court adds: "We are, however, satisfied that, within the meaning of the limitation clause of the bankrupt law, this first appearance of the assignee more than two years after the decree of the court, and the termination of the litigation between Walker and the bank, is a suit brought by him after that time."

That the subject of this suit involves adverse interests touching property, or rights of property, transferable to or vested in the assignee in bankruptcy, clearly appears from the record before us.

The assignee, Mechling, claimed in his bill to have succeeded to the title of all property and property rights which prior to his appointment had vested in said bankrupt, and avers therein that the real estate involved in this proceeding was in his custody and possession, as such assignee, at the time of the foreclosure proceedings in the court below and the sale thereunder, whereby the defendants in error derive their title. The present assignee is attempting by this proceeding to revive the same adverse claim previously prosecuted by his predecessor. The same rule of decision obtains in this state as in the state of Illinois, respecting writs of error. A writ of error in this state is the commencement of a new suit, as has been held in the following cases: *Western Union Tel. Co.*

*v. Graham*, 1 Col. 183; *Wise et al. v. Brocker*, 1 Col. 550; *Willoughby v. George*, 5 Col. 80.

The objection, that the writ of error was not sued out within two years after the entry of the decree sought to be reviewed, is therefore fatal to the present proceeding.

There is another objection to the present proceeding equally fatal thereto. At the date of the decree of the district court, the remedy of review by means of a writ of error did not exist in this state. That remedy was provided by the act of February 24, 1879, and although the act provided that the remedy should be deemed to apply to all judgments or decrees rendered since the 1st day of October, 1877, by any district or county court, we held in *Willoughby v. George*, 5 Col. 80, that "the statute in question, in so far as it allows a writ of error to a judgment in respect to which an appeal was barred prior to its passage, is 'retrospective in its operation,' and not only within the constitutional prohibition, but within the prohibition of fundamental principles governing retrospective laws, independent of constitutional or statutory enactments." We regard it as immaterial in this case whether the right of appeal existed at the date of the passage of said act, or had been barred. An appeal being the continuation of the same suit, while a writ of error is the commencement of a new suit, the remedy by the latter is not dependent upon the existence or non-existence of a remedy by the former.

Writ of error                                    *Dismissed.*