STOUT V. GULLY ET AL.

PURCHASE AFTER JUDGMENT BUT BEFORE WRIT OF ERROR.— The title of a purchaser in good faith, which rests upon a voidable decree in chancery, the purchase being made after the entry thereof, and before a writ of error thereto is sued out, is not affected by a subsequent reversal of the decree. *Cheever v. Minton,* 12 Colo. 557, followed.

*Appeal from District Court of Arapahoe County.*

Messrs. MARKHAM & DILLON, for appellant.

Mr. L. B. FRANCE, for appellees.

RICHMOND, C. This is an action to recover the possession of real property, to wit: Lots 21 and 22, in block 144, East Denver, Clements' addition to the city of Denver. The identity of the lots is admitted.

The cause was tried to the court upon an agreed state of facts, a jury being expressly waived. By the agreed

state of facts it appears that on November 18, 1870, Alfred H. Clements obtained a decree in the district court of Arapahoe county against Joseph P. Machebeuf, Stout the appellant, and others, canceling a conveyance by James Hall, as attorney for said Clements, of the lots in controversy. Stout prayed an appeal to the supreme court of the territory of Colorado. The appeal was allowed, but the same was never perfected. In February, 1872, by stipulation between the attorneys, the case was filed in the supreme court, issuance of writ of error being waived. *Machebeuf v. Clements*, 2 Colo. 36. At the February term, 1873, the supreme court of the territory reversed the decree of the district court. On July 26, 1871, Clements sold the lots in controversy to Thomas and James Gully, and the title subsequently became vested in defendants.

It will be seen that, some eight months after the decree in favor of Clements in the district court, the defendants' grantors purchased, for a valuable consideration, the property in question from Clements; that at the time of the purchase no appeal had been taken from the decree, and no suit was pending; and that seven months thereafter elapsed before any steps were taken in the supreme court of the territory with a view to a reversal of the decree, and that a year elapsed before the termination of the cause on error.

The contention on the part of appellant is that the defendants' grantors were purchasers *pendente lite* with notice. The burden of their arguments is directed to the support of this proposition.

Counsel for appellees admit that a purchaser pending litigation will be bound by final decree in the suit, but insist that the question does not arise in this case, and such it appears was the conclusion of the court below. All of the authorities cited in the brief of appellant are applicable to his theory, and support the proposition that a purchaser pending litigation will be bound by the final

decree, but none, except a few cases, apply to the facts as they appear in the case now under consideration.

This court in the case of *Wise v. Brocker*, 1 Colo. 550, expressly declare that "a writ of error to reverse a decree of a district court is a new suit." This has been followed by *Webster v. Gaff*, 6 Colo. 475, and we consider these decisions conclusive upon this point. Therefore the facts as admitted, and the decision of this court in the cases mentioned, support the proposition that no suit was pending at the time the defendants' grantors became the purchasers of the lots in question.

But the case of *Cheever v. Minton*, 12 Colo. 557, is decisive of this case. The facts in that case were precisely parallel to this one; so much so that the briefs of appellants filed in that cause were, by permission, substituted in this one. In that case the court held that the title of a purchaser in good faith, which rests upon a voidable decree in chancery, purchase being made after the entry thereof, and before a writ of error thereto is sued out, is not affected by a subsequent reversal of the decree on error. The judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.