## HALEY v. ELLIOTT.

1. APPELLATE PRACTICE—JOINDER IN ERROR.

The entry of a general appearance and the filing of a printed brief and argument by defendant in error according to the usual practice in this court, held equivalent to a common joinder of error upon the merits.

2. LIMITATIONS—WRIT OF ERROR.

The statute of limitations to be available as a bar to the prosecution of a writ of error in this court must be specially interposed at a preliminary stage of the proceeding, and before issue joined upon the merits; if the protection of the statute be not thus invoked by the party entitled to it, it will be deemed waived. The statute does not operate of its own force to divest the court of jurisdiction. Appeals and writs of error distinguished.

*Error to the County Court of Larimer County.*

ON motion to dismiss the writ of error herein, the following opinion was rendered.

Mr. W. T. HUGHES and Mr. GEORGE Q. RICHMOND, for plaintiff in error.

Mr. D. E. PARKS, Mr. H. B. JOHNSON and Mr. JOHN M. BREEZE, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Judgment was rendered in this case in the county court on June 18, 1887. An appeal was taken to this court under the appeals act then in force; but as the abstract of the record was not sufficient for a review of the case upon the merits, the appeal was dismissed " without prejudice " at the January term 1891. See *Haley v. Elliott*, 16 Colo. 159–162.

The cause was brought here again by writ of error; and on January 7, 1892, counsel for plaintiff in error filed his assignment of errors and brief upon the merits. Defendant in

error by his counsel entered a general appearance, and on May 2, 1892, filed his brief upon the merits, and the cause was thus submitted. The cause having been reached for final hearing in this court, was placed upon the calendar for oral argument; and thereafter and on June 2, 1894, the defendant in error filed his motion to dismiss the writ of error, stating the following reasons:

"1. That the judgment herein was rendered on June 18, 1887, and the writ of error was not issued until June 18, 1891, a period of four years.

"2. Because this court has no jurisdiction over said judgment, under said writ of error."

In support of his motion counsel relies upon the following provision of the code:

"SEC. 401. A writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of; but when a person thinking himself aggrieved by any judgment or decree that may be reviewed in the supreme court, shall be an infant, *non compos mentis*, or imprisoned when the same was rendered, the time of such disability shall be excluded from the computation of the said three years."

1. In behalf of plaintiff in error it is insisted that the motion to dismiss the writ of error must be denied. The argument is that the statute of limitations can only be made available by plea, but that even if available by motion, the motion comes too late after joinder in error—that the limitation of time is a privilege that may be waived, that it does not affect the jurisdiction of the court.

Though there was no formal joinder in error in this case, yet we think the entry of a general appearance and the filing of a printed brief and argument by defendant in error according to the usual practice, must be held equivalent to a common joinder of error upon the merits. By our present rules it is provided: "No formal joinder in error shall be required." See rule 12, adopted January term, 1893.

2. The bar of the statute of limitations may be taken ad-

vantage of by motion in this court, subject to being controverted by showing that the case is within the exceptions of the statute; but to be available as a defense the statute must be specially interposed in some appropriate form, and in apt time—that is, it must be interposed at a preliminary stage of the proceeding and before issue joined upon the merits; and the protection of the statute must be thus invoked by the party entitled to it or it will be deemed waived. The statute does not operate of its own force to divest the court of jurisdiction. Angell on Limitations, sec. 285; Wood on Limitations, sec. 7; Elliott's Appellate Procedure, sec. 406; *Clayton v. Cheeley*, 5 Colo. 337; *Chivington v. Colo. Springs Co.*, 9 Colo. 597.

In *Brooks v. Norris*, 11 Howard (U. S.) 208, Chief Justice Taney, speaking of the statute of limitations applicable to writs of error, said:

"According to the English practice, the defendant in error must avail himself of this defense by plea. He cannot take advantage of it by motion; nor can the court judicially take notice of it, as *the limitation of time is not an objection to the jurisdiction of the court. It is a defense which the defendant in error may or may not rely upon, as he himself thinks proper.* But according to the established practice of this court he need not plead it, but may take advantage of it by motion."

The *Brooks-Norris* decision refers to an act of congress not unlike our statute; it was as follows:

"Writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, or in case the person entitled to such writ of error be an infant, *feme covert, non compos mentis*, or imprisoned, then within five years as aforesaid, exclusive of the time of such disability." 1 U. S. Statutes at Large, p. 85.

In *Burnap v. Wight*, 14 Ill. 303, it was held: "A defense of the statute of limitations cannot be interposed by a motion to dismiss. It must be relied on by plea, so that the plaintiff may reply that the case is within the exceptions in the statute."

The decisions of this court are to the effect that the statutes of limitation must be specially pleaded, either by demurrer or answer, in order to be available in ordinary civil actions. Though the language of our limitation statutes is that the action shall be brought or commenced within a certain time, " *and not afterwards* " (see General Statutes, secs. 2163, 2164, 2165, 2166, 2168 and 2170), yet it has never been held in this state that the bar of the statute could be availed of under the general issue in civil actions, except in the single instance of an action for a penalty. *A. T. & S. F. R. R. Co. v. Tanner*, 19 Colo. 559.

It is true, our decisions are uniform to the effect that an appeal must be prayed within the time prescribed by statute, or it cannot be maintained. The doctrine is based upon the ground that an appeal is a creature of the statute, that the statute is mandatory and must be strictly pursued, and that when it appears that the statute providing for and governing appeals has not been complied with, the court does not acquire jurisdiction *by appeal.* See decisions from *Peabody v. Thatcher*, 3 Colo. 275, to *Harvey v. Travelers Ins. Co.*, 18 Colo. 354. But there is a manifest distinction between an appeal and a writ of error. An appeal is a statutory proceeding; it was unknown to the common law. Being the creature of the statute, there is force in the argument that the conditions upon which an appeal is granted must be complied with, or its foundation fails. At common law a writ of error is generally regarded as a writ of right; and, though subject to regulation by statute, it cannot, under our constitution, be denied to county court judgments. The writ is the commencement of a new suit, and not the continuation of an old one. A new suit being brought in an appellate court by writ of error, there seems to be no reason for giving the statute of limitations applicable to such writ a construction or effect different from like statutes applicable to ordinary civil actions commenced in the *nisi prius* courts.

The majority opinion in the case of *Stark v. Jenkins*, 1 Wash. Ter. 421, cited by counsel for defendant in error,

seems to be contrary to the views we have expressed.  It is certainly contrary to the current and weight of authority upon statutes of limitation like ours.  The other authorities cited do not necessarily conflict with the conclusion at which we have arrived.

The motion to dismiss the writ of error will be denied.

*Motion denied.*