[No. 4960.]

OHIO-COLORADO MINING AND MILLING COMPANY V.
ELDER ET AL.*

1. **Constitutional Law—Statutes Unconstitutional in Part—** The revenue law of 1902 (Laws 1902, ch. 3, sec. 64) imposed an annual license tax on domestic corporations. Sec. 65 of the same act imposed a similar tax, greater in amount, upon "every foreign corporation which has heretofore obtained or shall hereafter obtain" the right to transact business within the state. The latter imposition was held by the supreme court of the United States to be invalid as to corporations previously admitted, as impairing the obligation of a contract. It was contended later that the two sections must stand together and as supplementary each to the other, and that the 64th section would not have been enacted if it had been understood that sec. 65 was inoperative.

Held that the repeal and re-enactment of the statute, with a clause saving all accrued penalties (Laws 1907, ch. 211), refuted this contention.—(67)

---

*The opinion in this case was announced by Hon. Geo. W. Bailey, at September term, 1908, and was omitted from the 44th volume by accidental displacement of the manuscript furnished the reporter.

2. Appeal—Nature of—An appeal is a continuation of the action in which the judgment appealed from was rendered.—(67)

3. Writ of Error—Nature of—A writ of error is a new suit. —(67)

4. Corporations—License Tax—A corporation having failed to pay the license tax imposed by the act of 1902 (Laws 1902, ch. 3, sec. 64), a writ of error sued out by such corporation was dismissed. The statute was held as applicable to a writ of error, as to an action in the inferior courts.—(67)

*Error to Gunnison District Court*—Hon. THERON STEVENS, Judge.

Mr. E. M. NOURSE, for plaintiff in error.

Mr. GEORGE V. ELDER, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On the 5th of February, 1908, the defendants in error filed a motion to dismiss the writ of error theretofore issued in this case, for the reason that plaintiff in error had failed to pay the annual corporation license tax provided by Sess. Laws 1902, for the years 1902 to 1908, inclusive. For the purpose of avoiding the dismissing of the writ of error, the court then made a rule upon plaintiff in error to pay the tax. Plaintiff in error, instead of paying the tax, filed a protest against the order, contending that, inasmuch as the federal supreme court declared that portion of the act of 1902 providing for the imposition of the annual state corporation license tax upon foreign corporations to be unconstitutional, the provisions of the act relating to domestic corporations were thereby rendered nugatory, and could not be enforced.—*Am. Smelting & Refining Co. v. People,* 204 U. S. 103. Plaintiff in error appears to misapprehend the effect of the decision. Sec. 64 of the act provides that domestic corporations shall on or before the 1st day of May of each year pay an annual

state corporation license tax to the auditor of the state of 2 cents upon each $1,000.00 of its capital stock. Sec. 65 of the act provides that every foreign corporation which has heretofore obtained or which shall hereafter obtain the right to transact business within the state shall pay 4 cents upon each $1,000.00 of its capital stock. Sec. 66 of the act provides that the failure to pay such tax may be pleaded and maintained as an absolute defense to any and all actions, suits, or proceedings in law or in equity brought or maintained by such corporation in any court within the limits of the state until such tax is paid.

The American Smelting & Refining Company was a corporation which had obtained the right to transact business in the state of Colorado previous to the adoption of the law of 1902, and, upon its failure to pay the tax provided in that law, an action was brought in the name of the state to have such right to transact business forfeited. It was determined by the federal supreme court that the state, by granting the right to the foreign corporation to transact business within the state, in consideration of the payment of the corporation fee, entered into a contract with the corporation that thereafter no greater liabilities would be imposed upon it than upon like domestic corporations, and that in so far as the act of 1902 sought to impose a greater liability upon foreign corporations, which then possessed the right to carry on business within the state, than upon like domestic corporations, it was in violation of the contract, and therefore void. It was not determined that the entire section was unconstitutional, but only so much of it as applied to those foreign corporations which had entered the state previous to the enactment of the law. Plaintiff in error further says that the law ought not to be enforced as against domestic

(5)

corporations, because, if the legislature had known that the provisions of the act relating to such foreign corporations were inoperative, the law could not have been passed. That principle has been announced in many well-considered cases which it is unnecessary to here investigate. The general assembly in the year 1907 repealed the law of 1902, but provided that the repeal ''shall not have in any manner the effect to release, extinguish, alter, modify or change any penalty or liability which shall have accrued under the sections repealed and such sections shall be treated and held as still remaining in force for the purpose of sustaining any proceedings for the enforcement of such penalty.''—Sess. Laws 1907, § 11, p. 550.

In the act repealing the old law its provisions were re-enacted, with the exception that foreign corporations were placed upon the same basis as domestic corporations. The provision that the repeal shall not affect the liabilities and penalties provided for in the old act is a sufficient answer to the argument that it would not have imposed the tax upon the domestic corporations had it known that the provisions concerning foreign corporations of the character of the smelting company were inoperative. Plaintiff in error asserts that the provision that the failure to pay the tax can be pleaded as a defense to an action instituted by the delinquent corporation cannot be invoked in this case because the cause of action accrued previous to the passage of the act. We have already determined that such is the law.— *Malley v. Wolfe Londoner*, 93 Pac. 488. That rule is not applicable in this case. While the cause of action alleged in plaintiff's complaint (if any there be) accrued previous to the passage of the act, the writ of error was sued out in this court in 1905 after the passage of the act. While the perfect-

ing of an appeal is the continuation of the suit in which the judgment appealed from was rendered, the suing out of a writ of error is a new suit (*Connor v. Estate of James Connor*, 4 Colo. 74; *Willoughby v. George*, 5 Colo. 80; *Webster v. Gaff*, 6 Colo. 475), and the cause of action of such new suit is to annul and set aside the judgment of the trial court (2 Cyc. 510; *Allen, Ball & Co. v. Mayor of Savannah*, 9 Ga. 286; *Gibbs v. Belcher*, 30 Tex. 79). That the suing out of a writ of error is the commencement of a new suit has been frequently held in this state, namely, in *Wise v. Brocker*, 1 Colo. 550, in which new parties were brought in; *Western Union Tel. Co. v. Graham*, 1 Colo. 182: *Talpey v. Doane*, 2 Colo. 298, and *Filley v. Cody*, 3 Colo. 221, are cases in which the suing out of a writ of error by a nonresident was held to be a new suit to such an extent as to compel the nonresident to file a cost bond. In *Cheever v. Minton*, 12 Colo. 557, and *Stout v. Gully*, 13 Colo. 604, it was said that the suing out of a writ of error is the commencement of a new suit, and that between the time of the rendering of the original judgment and the suing out of the writ, no action was pending. In view of these authorities, it must be determined that the provision of the statute in relation to the payment of the tax before a corporation may maintain an action is as applicable to a case pending in this court upon error, as it is to one pending in the *nisi prius* courts.

While it is true that the act of 1907, which repeals the sections of the law of 1902 under consideration, does not fix as one of the penalties for the nonpayment of the tax that the corporation shall be deprived of the right to bring and maintain suits, yet this action was brought while the law of 1902 was in effect, and the law of 1907, as we have seen, especially provides that the repeal of the law of 1902 shall

not affect the right to enforce any of the penalties prescribed in the previous act.

Plaintiff in error having neglected and failed to pay the tax as provided by law, the writ of error will be dismissed.                                              ·*Dismissed*.

Decision *en banc*.

Mr. Justice Campbell, Mr. Justice Gabbert and Mr. Justice Helm, dissent.