[No. 7278.]

RUDOLPH v. RUDOLPH.

1.  Divorce—Writ of Error—Limitation—The proviso to sec. 2123 of the Revised Statutes, that a writ of error to review a decree of divorce shall be sued out within six months from the date of the decree, and not after that time, is a statute of limitations.

As such, its protection may be waived.—(245, 246)

But if the defendant in error moves in apt time to dismiss the writ of error upon this ground, the motion will, where the writ of error was not, in fact, taken out until after the lapse of six months next succeeding the entry of the decree, be allowed.—(245-247)

2.  Writ of Error—Nature of Process—Jurisdiction of the Person, How Obtained—A writ of error is a new suit prosecuted by the plaintiff in error against the defendant in error. The court of review obtains jurisdiction of the person of the latter by his voluntary general appearance, or by the service upon him of scire facias to hear errors.—(245)

3.  Motion to Dismiss Writ of Error Because Not Sued Out In Time—No inconsistency is involved in a motion to dismiss a writ of error, under a general appearance. Such motion, interposed before joinder in error, or anything equivalent to it, is an appropriate interposition of the statutory limitation, and is in apt time.

Such motion does not attack the jurisdiction of the court over the person of the defendant in error, and the general appearance therein does not waive the objection.—(246, 247)

*Error to Arapahoe County Court*—Hon. GEORGE W. DUNN, Judge.

Messrs. MORRISSEY, MAHONEY & SCOFIELD for plaintiff in error.

Mr. W. L. STAMPER and Mr. STERLING B. TONEY for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

On the 11th day of September, 1909, a decree of divorce was granted in the county court of Arapahoe county against Ella Rudolph, who is the plaintiff in error here. Nothing more was done in the county court after the decree was granted. More than six months after the granting of the divorce, and on, to wit, September 9, 1910, the plaintiff in error sued out a writ of error from this court to review the said decree. The defendant in error has filed a motion to dismiss the writ of error because it had been sued out more than six months after the date of the decree.

Sec. 2123 of the Revised Statutes provides that "a writ of error from any decree granting a divorce shall lie to the supreme court, and the practice and procedure upon such writ of error shall be as is now provided by law upon writs of error to the supreme court; *Provided*, That such writ of error shall be sued out of the supreme court within six months from the date of the decree in said cause, and not after that time."

This statute is plain. The decree of divorce was granted over eleven months before any attempt was made to sue out a writ of error to review it. The plaintiff in error contends that the

defendant in error has waived his right to the benefit
of this statute, because he has not expressly made a
special appearance for the purpose of the motion,
because the motion is made for a dismissal of the
writ of error and that it be stricken from the files,
and because in the brief in support of the motion, a
few words were said relative to the merits of the
controversy.   It is the theory of the plaintiff in
error that the motion attacks the jurisdiction of the
court over the person of the defendant in error.   The
plaintiff in error has mistaken the nature of the mo-
tion.   A writ of error is a new suit.—*Wise v.
Brocker,* 1 Colo. 550; *Webster v. Gaff,* 6 Colo. 475;
*Stout v. Gully,* 13 Colo. 604; *Haley v. Elliott,* 20
Colo. 199, at 202.

It is prosecuted in this court by a plaintiff in
error against a defendant in error.   This court ob-
tains jurisdiction over the person of the latter by his
voluntary general appearance in this court, or by
the service upon him of a *scire facias,* or summons
to hear errors.   If the defendant in error would
move to quash the summons, or the service thereof,
or the return thereon, and, at the same time, move
to strike the bill of exceptions from the files, the
motion might be of the nature which the plaintiff
in error seems to regard the present motion to be,
and which is contemplated in the authorities cited
by her.   The motion under consideration, however,
is not of that character.   The proviso in the afore-
said section 2123, that a writ of error shall be sued
out within six months from the date of the decree
and not after that time, is a statute of limitations.—
*McVicker v. Rouse,* 44 Colo. 255; *Haley v. Elliott,
supra.*

The defendant in error, by his motion, has at-
tempted to take advantage of this statute of limita-
tions, as a defense to the suit prosecuted against him,

the same as a defendant in the district or county court might attempt, by plea, either by special demurrer or in his answer, to avail himself of a statute of limitations as a defense to the prosecution of an action against him on a promissory note. He is not attacking the jurisdiction of the court by this motion, and, at the same time, doing something consistent with that jurisdiction, as the plaintiff in error appears to think. Of course, in an ordinary civil action, in a *nisi prius* court, the benefit of the statute of limitations may be waived by failure to plead it, as has often been held by this court. So, in the present case, the benefit of sec. 2123, as a statute of limitations, may be waived. In *Haley v. Elliott, supra,* a similar motion was made, based upon sec. 401 of the code, which provides that a writ of error in civil actions shall not be brought after the expiration of three years from the rendition of the judgment, and this court, on pages 200 and 201, said:

"The bar of the statute of limitations may be taken advantage of by motion in this court, subject to being controverted by showing that the case is within the exceptions of the statute; but to be available as a defense the statute must be specially interposed in some appropriate form, and in apt time—that is, it must be interposed at a preliminary stage of the proceeding, and before issue joined upon the merits; and the protection of the statute must be thus invoked by the party entitled to it, or it will be deemed waived. The statute does not operate of its own force to divest the court of jurisdiction."

By the present motion the defendant in error has invoked the defense of the statute before issue joined upon the merits. There has been no formal joinder in error, nor anything equivalent to it. In fact, he has done nothing except to specially inter-

pose this defense. Under these circumstances, the defense has been interposed in an appropriate form and in apt time. The plaintiff in error has failed to controvert it, and it appears to be complete. There is nothing to do but to sustain the motion and dismiss the writ of error, and the same is accordingly done.                          *Motion sustained.*

*Writ of error dismissed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.