[No. 7765]

## Denniss v. The People.

1. Bill of Exceptions—*When Necessary*—Upon error brought to review a criminal conviction, errors assigned upon the giving or refusal of instructions will not be considered, unless the instructions complained of, and the exceptions thereto, are presented by bill of exceptions.

2. Statutes—*Construed*—Section 3 of chapter 6 of the Laws of 1911, does not relieve the plaintiff in error in a criminal case of the necessity to preserve exceptions to the giving or refusal of instructions and to include instructions in the bill of exceptions. That statute provides that instructions shall be taken as part of the record, without bill of exceptions. Considering that the statute in question is largely a rescript of the provisions of the civil code; that only the sixth section of the act refers in terms to criminal prosecutions, that that section only assumes to repeal prior legislation touching appeals, and that an appeal from a conviction of crime was never allowed; that if the statute extends to criminal prosecutions it must be held to repeal section 1995 of the Revised Statutes which, as of right, entitles one under sentence of death to a supersedeas; that no provision is made in the act for admitting an accused person to bail, nor as to any of those matters which, from their nature, must, in criminal prosecutions be controlled by regulations differing from those applied to civil causes; that as to revisory proceedings the act speaks only of judgments for money, and judgments not for the payment of money, and is silent as to judgments imposing fines or imprisonment; that the act, without specifically saying so, purports to be an amendment to

the civil code. *Held* that the statute does not apply to criminal cases.*

* Syllabus by MUSSER, C. J.

*Error to Weld County Court.*—Hon. G. H. BRADFIELD, Judge.

Mr. JAMES W. GAULT, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANK C. WEST, Assistant Attorney General, Hon. BENJAMIN GRIFFITH, Attorney General, Mr. CHARLES O'CONNOR, Assistant Attorney General, for The People.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The plaintiff in error was found guilty of unlawfully keeping a common, ill-governed and disorderly house to the encouragement of idleness, gaming, drinking and other misbehavior. It is contended that the evidence was insufficient to warrant the conviction. The evidence in this behalf is so strong that we do not think it necessary to discuss it.

All of the other errors assigned relate to instructions given and instructions asked by the defendant and refused by the court. Neither the instructions given nor those refused, nor the exceptions to the giving or refusal thereof are contained in the bill of exceptions. Unless some recent statute has changed the settled practice in this state, it is the law that in order to review instructions given or refused, in criminal cases, such instructions, themselves, and the exceptions saved relating thereto must be embodied in the bill of exceptions, and, if they are not contained in that bill, errors assigned as to the giving or refusing of instructions will not be considered. —*Packer v. People,* 26 Colo. 306, 57 Pac. 1087 ; *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228 ; *Weaver v. People,* 47 Colo. 617, 108 Pac. 331.

There is found in the Session Laws of 1911, beginning on page 9, in an act in relation to appeals and writs of error. If this act relates to criminal cases, section three thereof, which is almost identical with section 421 Rev. Code, may have modified the rule above stated. If it was the intention of the general assembly that this act should apply to criminal cases the language thereof is, perhaps, broad enough to include such. There are, however, many reasons appearing that go to show that this act was intended to apply only to civil actions, suits and proceedings, except possibly section six thereof. The act contains many sections and is largely a rescript of sections of the civil code. It plainly deals with matters dealt with in that code and in the exact language with the exception of certain changes made here and there in some particulars. The author must have had the civil code before him, or else possessed a remarkable memory of its language and provisions when the bill was prepared, and the object must have been to amend the code in particulars as shown in the act. The last section specifically repeals twenty-three sections of the civil code, and these sections, though numbered differently, are substantially reenacted, except where an amendment was desired. While the section repeals all acts or parts of acts inconsistent with the act it does not specifically repeal any section of the criminal code, which it would repeal if so intended. Section six of the act is the only section that specifically indicates that that section was intended to cover criminal cases. Part of that section is as follows:

"All statutes granting and regulating appeals from district, county and juvenile courts to the supreme court, in all actions, suits and proceedings, both civil and criminal, are hereby repealed."

The words "actions' suits and proceedings" are used in other places in the act, but this is the only instance where they are followed by the words "both civil

and criminal." If the other sections of the act were intended to apply to criminal cases, why do not the words "both civil and criminal" follow the words "actions, suits and proceedings" in other places? The use of the words "both civil and criminal" in this one section in the act conveys the idea that the words "actions, suits and proceedings" used in other parts of the act shall not include both civil and criminal. There was no law providing for appeals in criminal cases. The only method for reviewing such cases was by writ of error.

Section nine of the act provides that:

"No writ of error shall operate as a supersedeas unless the supreme court (or if application therefor be made in vacation, some justice of the supreme court), after inspecting the record in the cause, shall order such writ of error to be made a supersedeas, nor until the party applying for such writ shall, by himself, his agent or attorney of record, enter into bond with sufficient surety, to be approved by the clerk of the supreme court, and file the same in the office of said clerk within the time limited by the court."

Then follow provisions with respect to bonds. Under this section mostly a rescript, so far as quoted, of the same matter in the civil code, a supersedeas, as heretofore in civil actions, is not a matter of right in any case. If this applies to criminal cases, section 1995 Revised Statutes has been repealed. That section provides the manner in which a defendant under sentence of death may have, as a matter of right, a supersedeas to stay the execution of sentence. There is no indication in the act under consideration that the general assembly ever intended to take away from a defendant, under sentence of death, the absolute right to have that sentence superseded until the judgment could be reviewed. It seems to us that if such was intended specific language would have been used to manifest the intention. The act is silent as

to admitting defendants to bail or fixing the time for carrying out a sentence of death. It is silent as to all matters, which from their nature must be provided for differently in criminal than in civil cases, and which are proper to be considered and provided for in a statute regulating writs of error in criminal cases. It speaks only of judgments for money and judgments not for the payment of money, and contains provisions for bonds in case such judgments are superseded, and is silent about judgments imposing fines or imprisonment.

The foregoing considerations and many others that might be mentioned make it appear plain that it was the intention to gather in one body as much as possible the provisions of the civil code relating to the review of civil causes, amend them where amendment seemed desirable and to make the writ of error the sole method of review. The whole act purports to be an amendment to the civil code without specifically saying so, and while criminal cases may be included within some of the words of the act, they are not included within the plain purport and intent thereof. The rule well established in this state that requires instructions and exceptions thereto in criminal cases to be made a part of the record by bill of exceptions was not affected by the act of 1911,. and consideration of the errors assigned is precluded. The judgment is, therefore, affirmed.

*Judgment Affirmed.*

Decision *en banc.*

Mr. JUSTICE GABBERT, Mr. JUSTICE WHITE and Mr. JUSTICE HILL not participating.