[No. 7782.]

## HARRINGTON v. HARRINGTON.

1. STATUTES—*Repeals by Implication*, are regarded with high disfavor, especially when the statute alleged to have been repealed was founded in experience, and grave considerations of public welfare. (159, 160)

A statute without negative words will not repeal existing legislation unless there is an unavoidable repugnancy. (159)

A statute enacted in 1887 allowed a writ of error at any time within three years from the date of the judgment (Rev. Code. Sec. 436). This statute remained in force, applicable to all manner of causes, until 1893. A statute enacted in that year limited the time for suing out a writ of error to review a decree of divorce to six months (Rev. Stat. Sec. 2123). By Sec. 8 c. 6 of the Laws of 1911, (an Act revising the law relating to appeals and writs of error,) it was again provided that "A writ of error shall not be sued out after the expiration of three years" from the date of the judgment, and all acts and parts of acts "inconsistent herewith" were repealed. *Held* the latter statute had not the effect to repeal Rev. Stat. Sec. 2123. (159)

2. DECREE—*Relates to Pronouncement*. The formal entry of a decree is a purely clerical matter. Whenever done in conformity with the original pronouncement it relates back thereto, and it is not improper to expressly declare that it is done as of such former date. (160)

3. LIMITATION—*How Pleaded*. A writ of error sued out after the lapse of the statutory limitation may be dismissed on motion. (155, 161)

*Error to Larimer District Court.*—Hon. JAMES OWEN, Judge.

Mr. L. D. THOMASON, Mr. F. J. ANNIS, for plaintiff in error.

Messrs. LEE & AYLESWORTH, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

As plaintiff, Lizzie B. Harrington, plaintiff in error here brought action for divorce against the defendant Fred

M. Harrington, defendant in error here, in the District Court of Larimer County. October 22, 1910, the jury rendered a verdict against her, and in favor of defendant upon cross-complaint. Plaintiff filed a motion for a new trial, which was denied. December 6, 1910, judgment was rendered on the verdict in favor of defendant, but entry thereof suspended for ten days. Nothing more was done in the case until May 1, 1911, when the decree of divorce was formally entered of record, and plaintiff prayed and was allowed an appeal to this court. On August 19, 1911, plaintiff abandoned her appeal to this court, and filed a motion in the court below for an order vacating and annulling the decree entered on May 1st and setting aside the order denying the motion for a new trial, requesting that she be permitted to file additional grounds for a new trial. It appears that defendant remarried in another state before the actual formal entry of the divorce decree in his favor. This alleged bigamous act was relied upon in the motion to reopen and vacate the decree, which was overruled September 5, 1911. On this day the defendant interposed a motion to have the decree of divorce which was entered of record May 1, 1911, amended by adding to the last sentence thereof the words: "done as of December 16, 1910," which was allowed and the amendment made accordingly. Whereupon plaintiff sued out this writ of error to review the amended decree.

On March 28, 1912, the record on error was filed in this court and the writ of error issued. Defendant appeared specially and moved a dismissal of the writ, upon the ground that more than six months had elapsed after the date of entry of the decree before the writ was sued out. May 9, 1912, this court entered an order overruling the motion to dismiss, without prejudice, however, to the right of defendant to argue such motion at length

upon final hearing on the merits. The cause was transferred by this court to the Court of Appeals and remanded on petition of defendant, pursuant to Section 5 of an act entitled Court of Appeals, Session Laws 1911, page 266.

The main contention involves a construction of Section 8 of Chapter 6, Session Laws 1911, concerning appeals and writs of error, which reads as follows:

"A writ of error shall not be sued out after the expiration of three years from the making or entering of the judgment or decree complained of; but when a person thinking himself aggrieved by any judgment or decree ·that is the subject of review in the Supreme Court shall ·be an infant, *non compos mentis* or imprisoned when the same was so made or entered, the time of such disability shall be excluded from the computation of the said three years."

Section 25 of the act repeals all acts and parts of acts inconsistent therewith. The question is whether Section 2123, R. S. 1908, providing that a writ of error from any decree granting a divorce shall be sued out within six months from the date of such decree and not after, was thereby repealed.

The Code of Civil Procedure enactment of 1887 contained a provision fixing the time at three years in which to sue out a writ of error. This general provision remained intact for six years. Its vice was soon detected when applied to proceedings in divorce, and consequently the legislature, in 1893, limited the time for suing out the writ in such cases to six months. This provision is Section 2123, *supra*. The act of 1911 expressly repealed the entire subdivision of the Code of 1908 entitled Appeals and Writs of Error, which included the provision of 1887 upon that subject. This court, in the case of *Dennis v. The People*, 55 Colo. 120, 133 Pac. 741, considered

the purpose and effect of this act, and held that, although its language is, perhaps broad enough to apply to criminal cases if such was the intention of the legislature, it nevertheless purports to be an amendment to the civil code and does not apply to such cases. The court said:

"The foregoing considerations and many others that might be mentioned make it appear plain that it was the intention to gather in one body as much as possible the provisions of the civil code relating to the review of civil causes, amend them where amendment seemed desirable and to make the writ of error the sole method of review. The whole act purports to be an amendment to the civil code without specifically saying so, and while criminal cases may be included within some of the words of the act, they are not included within the plain purport and intent thereof."

If, for the reasons stated, the act does not alter or repeal statutes governing criminal cases, they being governed by special provisions, it is equally true, upon like considerations, that it does not alter or repeal the special provisions relating to divorce proceedings. The primary purpose and effect of the act was to amend the civil code, and it cannot be held to amend or repeal statutes controlling proceedings to which the civil code does not apply, unless it does so directly. Section 6 of the new act expressly repeals "all statutes granting and regulating appeals from district, county and juvenile courts, in all actions, suits and proceedings, both civil and criminal." This indicates that the legislature, in thus specifically abolishing the right of appeal given by Section 2123, *supra*, in divorce proceedings, intended, by the very fact that it does not refer to the provision of that section relating to writs of error, to permit it to stand undisturbed. Moreover, as the later act expressly repealed the entire

subdivision of the Code of 1908 relating to appeals and writs of error and is in purpose and effect limited to amending the civil code, the provision therein that ''all acts and parts of acts inconsistent herewith are hereby repealed'' must be held to apply only to all acts and parts of acts of the civil code inconsistent with the new act.

Section 8 of the act of 1911, *supra,* is substantially identical in word and line with the provision of 1887 upon the subject of writs of error, as the same appears in the Code of 1908. Nowhere in the act is there any reference made to Section 2123, *supra,* and if it repealed this section, it did so purely by implication. That such is its effect cannot be conceded, for it would be illogical to so hold in view of the construction already given the act by this court.

In other words, since it has been held that the primary purpose and effect of the act of 1911 was to repeal and amend the civil code, it could repeal no provision outside of the code except by express reference. In Lewis' Sutherlands Statutory Construction these general rules are stated concerning repeals by implication:

''If, by fair and reasonable interpretation, acts which are seemingly incompatable or contradictory may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later one will not be regarded as repealing the others by construction or intendment. As laws are presumed to be passed with deliberation and with a full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. In the endeavor to harmonize statutes seemingly incompatable, to avoid repeal

by implication, a court will reject absurdity as not enacted, and accept with favorable consideration what is reasonable and convenient. * * * The act being silent as to repeal and affirmative, it will not be held to abrogate any prior law which can reasonably and justly operate without antagonism. * * * 'It is a reasonable presumption that all laws are passed with a knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring.'" Vol. 1, 2nd ed., sec. 267.

Thus it will be observed with what high degree of disfavor repeals by implication are regarded. An application of these rules to the present case can result in no other conclusion than that no repeal of Section 2123, *supra,* in so far as it relates to writs of error in divorce proceedings, has been effected.

Considering the question from a standpoint of repugnancy, the terms and necessary operation of the earlier statute can be readily harmonized with those of the later act. Plainly there is no necessary contradiction between the affirmative provision of the divorce act, that a writ of error to review a decree in such proceedings shall be sued out within six months from the date of the decree and not after that time, and of the new act, that writs of error shall not be sued out after three years from the making and entering of the judgment or decree of which complaint is made. There is a general principle, supported by numerous authorities, that a statute without negative words will not repeal existing statutes unless there is an unavoidable repugnancy. 1 Lewis' Sutherlands Statutory Construction, sec. 258. The language of the provisions under consideration is affirmative. The earlier one treats of writs of error in divorce proceedings and operates in such cases only, while the later treats of writs of error in general and

operates in cases where there is no special, inconsistent provision. Courts should be reluctant to sanction the repeal of the existing legislative enactment unless it clearly appears by the terms or operation of the later pronouncement that it was the unmistakable intention of the legislature to accomplish that end, and this is especially true where, as here, the earlier act is founded in experience and grave considerations of public welfare. In cases of this sort the intention of the legislature should prevail over a literal interpretation. (*Hogg v. Board of Com'rs of San Miguel County,* (57 Colo. 463.) 141 Pac. 478.

It is further contended by plaintiff in error that, in any event, the filing in the Court of Appeals of the petition to remand the case constituted a general appearance by which the right to invoke the six-month limitation of Section 2123, *supra,* was waived. This contention is evidently urged upon the erroneous presumption, since the cases cited in support of it so indicate, that the question is a jurisdictional one. Such is not the fact. This statute is one of limitation, affording purely defensive matter, and was properly and in apt time raised by the motion to dismiss.—*Rudolph v. Rudolph,* 50 Colo. 243, 114 Pac. 977.

The remaining contention of plaintiff in error relates to alleged error committed in amending the decree of divorce. It is sufficient to say in this connection that the record affirmatively shows that the judgment or decree of divorce was allowed and rendered on December 6, 1910, and by its express terms became effective ten days thereafter. The matter of its formal entry was purely clerical, or ministerial, and whenever done in conformity with the affirmative showing of the record related back to the date of actual rendition.

The writ of error is, therefore, dismissed at the cost of plaintiff in error.

Decision *en banc.*