[No. 7828.]

GILL V. GILL.

1. JUDGMENT—*Date of,* is the day of its announcement by the court. The future entry of record is purely clerical. (41.)

2. WRIT OF ERROR—*Limitation.* The statutory limitation for sueing out writ of error in divorce proceedings (Rev. Stat., sec. 2123) begins its course from the date of the announcement of the decree. (41.)

*Error to Jefferson County Court.* Hon. ALEXANDER D. JAMESON, Judge.

Messrs. MURRAY & INGERSOLL and Mr. H. WENDELL STEPHENS, for plaintiff in error.

Mr. CAESAR A. ROBERTS, for defendant in error.

Action for divorce by the husband against his wife. The wife answered, and by cross-complaint prayed for a divorce. The court submitted to the jury the following forms of verdict: Guilt or innocence of the defendant; guilt or innocence of plaintiff on the cross-complaint, and guilt or innocence of both parties. The jury returned a verdict finding the defendant guilty of the acts charged in

the complaint, but did not render any verdict on the cross-complaint.

On November 18th, 1911, the court ordered that judgment on the verdict be entered dissolving the bonds of matrimony between the parties, and that the cause be continued until November 22, 1911, for submission and signing the decree and the consideration of alimony. On the latter date the formal decree was signed and entered as of November 18th. May 22, 1912, the defendant, Mrs. Gill, sued out a writ of error to review the judgment. The defendant in error, when he entered his appearance, filed a motion to dismiss the writ of error, because it was not sued out within the time required by law. The motion was denied without prejudice, and is now renewed in connection with the submission of the cause on its merits.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

The case on the motion to dismiss is ruled by *Harrington v. Harrington*, 58 Colo. 155, 144 Pac. 20, where it was held that sec. 6, page 11, Session Laws 1911, did not repeal sec. 2123, R. S. 1908, which provides that a writ of error to review a decree of divorce shall not be sued out after six months from the date of such decree; that the date of the judgment or decree of divorce is the date it is rendered; that thereafter the matter of its formal entry is purely clerical or ministerial, and that the statute providing the time within which a writ of error must be sued out is one of limitation of a defensive character, which is properly raised when defendant enters an appearance, by a motion to dismiss for failure to sue out the writ within the time fixed by the statute. See *Rudolph v. Rudolph*, 50 Colo. 243, 114 Pac. 977.

*Writ of error dismissed.*

Mr. JUSTICE GARRAGUES and Mr. JUSTICE SCOTT concur.