## No. 11,220.

### PHILLIPS *v.* BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY.

Decided December 14, 1925.

Action to correct alleged erroneous assessment of land. Judgment of dismissal.

*Reversed.*

1. TAXES AND TAXATION—*Objection to Assessment—Parties.* Where a grantor of land had commenced proceedings to correct an alleged erroneous assessment, his grantee or assignee could proceed with the contest and appeal to the district court from an adverse decision of assessor.

2. COURTS—*Decisions—Statutes.* Where the reasoning in an appellate court decision would abrogate express provisions of a statute, it is wrong and cannot avail as a precedent.

3. TAXES AND TAXATION—*Assessment—Appeal—Complaint.* Under the procedure concerning appeals from adverse decisions of county assessors on land assessments, the amount involved in the present controversy being over the statutory limit of $300, it was error to strike the complaint.

4. *Assessment—Appeal—Procedure.* Statutes concerning the procedure relative to appeals from adverse decisions of county assessors on land assessments reviewed, and held, under the facts or record in the instant case, that the appeal was improperly dismissed.

*Error to the District Court of Douglas County, Hon. Arthur Cornforth, Judge.*

Mr. H. A. HICKS, for plaintiff in error.

Mr. J. M. TAYLOR, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PHILLIPS appealed to the district court from a decision of the county assessor which overruled his objections to an assessment of his land. The court struck out his complaint and dismissed his appeal, which is the error here complained of.

It is objected that at the time of the assessment, and of the objections thereto before the assessor, the land in question was the property of the Waite Phillips Company, a corporation, and the objections were made in its name and so was the notice of appeal which was given to the clerk of the county commissioners; but at the time of the first proceeding in court the land was the property of Waite Phillips and such proceedings were taken in his name, and it is claimed that the appeal can be taken only by the same person whose lands were assessed and who made the protest to the assessor. But why may not an assignee or grantee carry on the case begun by his grantor? Could not the heir carry on his ancestor's, or a devisee his testator's protest? There is no less reason why the grantee's right to a fair assessment should be protected than a grantor's. The objection does not appeal to us, and is overruled.

A more difficult question is whether the proceedings for the appeal were sufficient under the several statutes which govern them. So far as pertinent to present matters the said statutes are as follows: "If, in the opinion of any taxpayer, his property has * * * been assessed too high, * * * such person * * * may appear be-

fore the assessor and make known to the assessor the facts in the premises; and if in any particular the assessment complained of is erroneous under the statutes, the assessor shall correct the same." C. L. § 7291.

Section 7292. If the total valuation against such taxpayer exceed $7,500, every such objection "shall be in writing, stating the particular grounds of such objection, or the particular facts wherein such grievance consists; and if such objection is overruled by the assessor, in whole or in part, he shall state briefly in writing the grounds of his refusal, and the taxpayer complaining may appeal from his decision to the district or county court of the county wherein the property is assessed on or before the first Monday in January following said assessment. Such appeal shall be perfected in the same manner as now provided by law for appeal from boards of county commissioners, upon the disallowance of a claim against the county; * * *."

Section 8702. "When any claim of any person against a county shall be disallowed * * * by the board of commissioners, such person may appeal * * * to the district court * * * by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county, with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal and the payment of all costs * * *."

Section 8703. "The clerk of the board, * * * shall immediately give notice thereof to the chairman * * * and shall make out a brief return of the proceedings in the case before the board, with their decision thereon; and shall file the same, together with the bond, and all papers in the case, in his possession, with the clerk of the district court. * * * Provided, however, That if the amount involved shall exceed the sum of $300, the applicant shall, within ten days after taking such appeal file a complaint as in other cases, in the district court, a copy of which shall

also be served upon the clerk of the board and answer shall be made thereto as in other cases."

Plaintiff in error claims that the complaint should not have been stricken. He is right. C. L., sec. 7292, supra, passed in 1902, provides that the appeal shall be perfected as in appeal from a disallowance by the county commissioners of a claim against the county. C. L., sec. 8703, requires a complaint in such case if the amount involved is over $300, and it was over that sum in the present case. The complaint, then, was not only permitted, but required and should not have been stricken.

In support of the striking defendant in error cites *Grand Junction Sugar Co. v. Fellows,* 74 Colo. 242, 220 Pac. 992, wherein, on authority of *Catron v. Board of County Commissioners,* 18 Colo. 553, 556, 33 Pac. 513, we held a complaint was not necessary to the jurisdiction of the court. Whether our conclusion was right or not, a question which we cannot now decide, our reason was wrong. The Catron case was based on an act of 1889, which itself provided a procedure for appeals in tax assessment matters, and, of course, therefore, the provisions concerning appeals from disallowance of claims were irrelevant; but in 1902 said act of 1889 was repealed, and the C. L. sec. 7292 substituted, which expressly provides that, in appeals in tax matters the procedure for appeals in the matter of claims shall be followed. Since our reasoning would abrogate an express provision of a statute it is wrong and cannot avail as a precedent. *Lambert v. People,* 78 Colo. 313, 241 Pac. 533. And since it is wrong our duty requires us to correct it at the first opportunity. *Dustin v. Cowdry,* 23 Vt. 631.

It follows that the complaint in the present case was erroneously stricken out.

But it is claimed that the judgment must be affirmed because the notice of appeal should have been given to the assessor instead of to the clerk of the board of county commissioners and that a bond should have been approved by the assessor instead of said clerk, and that the assessor should have made a return to the court of the proceedings

before him instead of a recital thereof in the complaint; and that, since these things were not so done, the appeal was rightly dismissed by the district court.

The appellant, by section 8702, may appeal from the decision of such board to the district court by causing a written notice of such appeal to be served upon the clerk of such board and executing a bond to such county to be approved by the clerk of said board, conditioned, etc. This the appellant did, but defendant in error says that since the assessor has no clerk, he ought to have given the notice to the assessor and that the bond should have been approved by the assessor himself.

It is difficult to say what was proper in such case. Defendant in error seems here to be in a strong position. If a law says that appeals from the county court must be in the same manner as appeals from the district court and in appeals from the latter requires notices to the clerk of the district court, we would not, in an appeal from the county court, give notice to him, but to the clerk of the county court. Likewise of the approval of a bond. Section 8703 moreover requires the clerk, in appeals from the commissioners, to make a brief return of the proceedings of the case before the board, with their decision thereon, and file the same, with the bond and all papers, in court. He cannot do that on appeal from the assessor because he has no control of the record and has no papers.

However, in the complaint appears all that is necessary for the required return. The real question before us, then, is whether the plaintiff in error ought to lose his hearing on the merits because he gave notice of appeal and presented his bond according to the letter of the statute instead of interpreting it so as to give notice to the assessor and to have that officer approve the bond and to have the assessor make a return of the proceedings instead of reciting them in the complaint.

The assessor has no clerk and it is a fair enough construction of the statute in such case to say that he himself is the one to act in place of that officer, to treat the assessor

as if he were the board and its clerk combined; and, had the plaintiff in error done so, we could not have said that he was wrong; but he has followed the statutes to the letter, wherever it was possible within that letter he has dealt with the assessor, but has dealt with the clerk of the board when the statute required it. Was that right? We can no more say that it was wrong than that the other way was so.

The statute requires the notice to be given to the clerk of the board. In case of an appeal from the assessor, then the notice should reasonably be given to the clerk of the assessor. No one comes nearer being clerk of the assessor than the clerk of the board who is the county clerk, the clerk of the whole county. This Gordian knot which the legislature has inadvertently tied may as well be cut one way as another. It is as reasonable to say that the county clerk is the assessor's clerk as that the assessor is his own clerk; that the clerk of the board shall give notice to the assessor (Sec. 8703) as that the assessor shall give notice to himself; that the clerk of the board shall approve the bond as that the assessor shall approve a bond of appeal from his own decision. The situation is absurd in either alternative, but substantially is righteous in either because in either, the county, the real party in interest, has full notice. One thing is certain, that is that the legislature intended to give a wronged taxpayer a hearing on the merits in a tribunal where evidence could be taken and the truth ascertained in a judicial way. It is also clear that the complaint has stated a good case which, if true, requires relief, and that there has been no mistake such as to do injustice or to amount to more than a mere technicality, whereas, on the record before us, great injustice will be done if the judgment is affirmed. We do not desire to create a precedent fruitful of confusion and doubt, but the legislature will doubtless cure this confusion as soon as it is made known and no similar case will probably arise. Our opinion is that in such an anomalous case as this the appeal to the district court should be considered as properly perfected whether the notices be served on the clerk or the

assessor, whether the bond be approved or the record be sent up by the one or the other, and that the court may now call for the return required by the statute.

Judgment reversed and cause remanded with directions to proceed in accordance with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.