No. 11,939.

E. J. LONGYEAR COMPANY *v.* COUNTY OF LAKE.

Decided October 8, 1928.

442

Mr. JOHN R. SMITH, for plaintiff in error.

Mr. EUGENE A. BOND, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error Longyear Company owned a mill building and machinery, a tramway and mining equipment and other property situate in Lake county, Colorado. In June, 1924, the county assessor placed a valuation upon the same for purposes of assessment and taxation of a certain sum and certified the same to the county treasurer. The Longyear Company, being dissatisfied therewith claiming it to be excessive, did not pay the tax levied upon the basis of the assessed valuation. The treasurer threatening to make a distraint of the property, the Longyear Company paid under protest the amount of the tax, the sum demanded. The protest was overruled September 19, 1924, and the company proceeded to make and perfect an appeal from the assessor's decision to the district court of Lake county. On December 15, 1924, the appeal was allowed by the county assessor. After the appeal was taken, testimony in the

form of depositions was taken by the company, in the taking of which the county by its attorney participated. Thereafter and on March 29, 1926, nearly two years after the appeal was lodged in the district court, the county moved to dismiss the appeal upon the ground that the same was not perfected as by law required in that no complaint was, or had been, filed within the period of time required by statute, or at all. The district court dismissed the appeal, and the taxpayer, the Longyear Company, is here with its writ of error to review that judgment.

This court in *Sugar Company v. Fellows*, 74 Colo. 242, 220 Pac. 992, in an opinion handed down December 3, 1923, held that, under the provisions of section 7292, C. L. 1921, concerning appeals to the district court from the decisions of county assessors, an appeal is perfected when notice of appeal is given to the assessor, bond fixed, filed and approved, taxes paid, appeal allowed by the assessor, papers filed in the district court and the case docketed and set for trial, and that the proceeding being special no further pleading is required. With all of these various designated steps the Longyear Company complied in this appeal. In a subsequent decision, on December 14, 1925, this court held in *Phillips v. Commissioners*, 78 Colo. 387, 242 Pac. 70, that section 8703, C. L. 1921, requires a complaint to be filed, as in other cases, in the district court, within ten days after taking of the appeal in such cases if the amount involved is over $300. The amount involved in the case at bar is over that sum and, as said in the Phillips case, a complaint was not only permitted but required. It will be observed from the foregoing statement that the appeal of the plaintiff in error was taken before the decision in the Phillips case was announced and while the decision in the Sugar Company case, supra, was supposed to state the law.

Doubtless the county in this case is correct in saying that the General Assembly has provided a special pro-

ceeding for the taking of appeals from the decisions of county assessors in matters of taxation. And it is doubtless true that a stricter rule of construction applies to such proceedings than to actions under the Code of Civil Procedure. We do not think, however, that the filing in the district court of a complaint by the aggrieved taxpayer is a jurisdictional requirement in the sense contended for by the county, although it is necessary before the final hearing. The statute requires a complaint to be filed within ten days after taking such appeal. This means within ten days from the time the appeal is docketed and presupposes that the appeal has already been taken. It could not be properly filed, therefore, before the docketing of the appeal, but the appellant was not entitled to be heard unless and until he files his complaint. It is within the power of a court, upon application and a proper showing, to extend the time for filing the complaint. No formal application seems to have been made here and both parties unquestionably relied upon the decision in the Sugar Company case, supra, that the appeal was perfected, although no complaint had been filed by the appellant. After the appellant had docketed the cause and had complied with all statutory requirements for taking an appeal, except the filing of a complaint, the appellant Longyear Company proceeded to take depositions as though the appeal were perfected, in the taking of which the county by its attorney participated without objection. This was a recognition by the appellee county that the appeal was perfected. Not until after our decision in the Phillips case, supra, did the county take any steps toward a dismissal of the appeal, which was long after its acquiescence therein by appearing for the county at the time the depositions were taken. We think, therefore, that though the filing of a complaint is necessary, as held in the Phillips case, nevertheless as both parties during the entire time between the docketing of the appeal and the announcement of the opinion in in the Phillips case assumed—and upon such assumption

acted—that all the requirements in taking the appeal had been complied with, it is too late for the county appellee, and it should not be permitted, to take a course inconsistent with its former position by asking a dismissal of the appeal for a failure on the part of the appellant to do something which by its conduct the appellee waived. This seems to be in accordance with justice and fair dealing.

The judgment of the district court is therefore reversed, and the cause remanded with directions to the district court to permit the appellant to file its complaint and to proceed thereafter as if such complaint was filed within the statutory period.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.