[No. 6011.]

## SINGER MANUFACTURING CO. v. CITY AND COUNTY OF DENVER.

1. **Appeal—Presumptions of Regularity**—Where an appeal from an assessment is heard in the county court it will be assumed, in the supreme court, no objection being taken to the regularity of the appeal, that all things required by the statute in order to such appeal, were done.—(53)

2. **Taxation—Appeal from an Assessment**—The assessor is not required to traverse the objections made by the taxpayer to his assessment. The assessment and the decision of the assessor upon the objections, are presumed to be correct until the contrary is manifested by evidence. The burden of proof is on the objector.—(52)

*Error to Denver County Court*—Hon. CHARLES McCALL, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. W. B. TEBBETTS, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

In 1904 The Singer Manufacturing Company returned a schedule of its property for taxation to the county assessor of the city and county of Denver. That schedule does not appear in the record. In the written objections to the assessment, filed by the company with the assessor, it is said that it appears from a notice sent to the company by the assessor that, in this schedule, the company had made no return under the item "other property not enumerated," and the assessor had amended the schedule by assessing under this item an amount of $2,500.00; and that, in the schedule under the item, "Money, notes and credits," the company had returned $2,-500.00, and the assessor had amended this item by increasing it to $60,000.00. As the company does not deny that it had returned for taxation $2,500.00 under the item, "Money, notes and credits," it must be presumed, in the absence of any evidence to the contrary, that the notice or statement, which the law requires the assessor to mail in such cases, was correct and that the company did return this item of $2,500.00 under "Money, notes and credits."

Pursuant to section 94 of the Revenue Act of 1902, sec. 5640, Rev. Stats. 1908, the company stated in writing its objections to the assessment of other property not enumerated in the schedule and to the assessment of money, notes and credits. The objection urged is the one against the assessment of $60,000.00 in money, notes and credits.

A hearing was had before the assessor, and the assessor, after hearing evidence, overruled the objections, and, as the statute requires, stated briefly in writing the grounds of his refusal to sustain the same, and, among other things, the assessor stated that "The total assessed valuation of $60,000.00 on the item of money, notes and credits, is the true and just valuation, as far as can be ascertained by him, as compared with other values fixed by him as assessor, upon other similar assessed property, similarly situated, in said county." Thereupon the company appealed from the decision of the assessor. As the statute provides for such an appeal to the district or county court, the company chose to take its appeal to the latter court. Upon a hearing, the county court affirmed the decision of the assessor, and from the county court, the company brought the matter here on error.

The question is raised whether all things were done which the statute requires to be done before an appeal from the assessor will be allowed. As the parties do not raise the question of the jurisdiction of the county court to entertain the appeal if properly taken, it will be assumed, for the purposes of this case only, that the appeal was properly taken, and that the county court had jurisdiction to entertain it. In the county court, the company presented no evidence to sustain its written objections, but proceeded on the theory that, in as much as the objections were not denied, there were no issues, and no evidence was necessary on the part of the company. In this it was mistaken. The statute does not provide for any denial or answer of any kind to the written objections. The only writings required by the statute are the objections, and, if they are overruled, a brief statement in writing by the assessor of the grounds of his refusal to allow the same. Under a

similar statute which provided for a petition by a taxpayer to the board of county commissioners for correction of an assessment, it was held that the petition constitutes the only pleading in the matter. —*Catron v. County Comrs.*, 18 Colo. 553, 556.

The original assessment by the assessor and his decision at the hearing, are presumed to be right, until the contrary is made to appear by competent evidence. The burden of proof was on the company to show that the assessment was excessive or erroneous. The decision of the assessor must stand unless it is affirmatively controverted.—*N. O. Canal & Bk. Co. v. New Orleans*, 99 U. S. 97; *Cotton Ex. v. Bd. of Assessors*, 37 La. Ann. 423; *Oregon Coal Co. v. Coos Co.*, 30 Ore. 308; *Con. Coal Co. v. Baker*, 135 Ill. 545.

Especially is this true under a statute like ours, which provides that the court to which an appeal is taken "shall not review or give relief against an assessment, unless it shall appear manifestly excessive, fraudulent or oppressive." Who but the objector should make it so appear? The only apparent testimony appearing in the record is that of a deputy assessor who was presumably called by the court and interrogated by the court without being sworn. From his statement, it does not appear that the assessment was manifestly excessive, fraudulent or oppressive.

The company claims that it had money, notes and credits, the situs of which was such that they were not subject to taxation in this state. If it had any so situated, there is no proof of that fact in the record. The mere statement of that fact in the objection, or in court, is no more evidence thereof than the allegations of a complaint, or the opening statement to a jury is evidence of a fact to be proven. It is useless to discuss the view of the law taken by

the company relative to property situated as it claims its property was, for there is no evidence that it had any property so situated. If, upon investigation, it would be found that the law is as the company claims it is, relative to property situate as it claims its property was, there are no facts in the record to which the law may be applied. The statement of the company in its objections that it had no money, notes and credits, subject to taxation, is contradicted by its return of $2,500.00 under that item in its tax schedule. That the company had money, notes and credits so situate that they were subject to assessment, is evidenced by this return. The assessor concluded that it had more, the county court affirmed the assessor, and this court cannot say, in the absence of evidence, that the assessor and the county court were wrong. The judgment will, therefore, be affirmed.                          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.