No. 10,454.

GRAND JUNCTION SUGAR CO. *v.* FELLOWS, Assessor.

Decided December 3, 1923.

Proceeding to correct an alleged excessive tax assessment. Appeal from the decision of the assessor, dismissed.

*Reversed.*

1. WORDS AND PHRASES—*"In the Same Manner."* The phrase "in the same manner," as used in section 7292 C. L. '21, concerning appellate procedure, means similar proceedings, so far as such procedure is applicable.

2. TAXATION—*Assessment—Appeal—Procedure.* Under the provisions of section 7292, C. L. '21, concerning appeals from the decisions of tax assessors, an appeal is perfected when notice of the appeal is given to the assessor, bond fixed, filed and approved, taxes paid, appeal allowed by the assessor, papers filed with the district court, and the case docketed and set for trial. The proceeding being special, no further pleading is required.

*Error to the District Court of Mesa County, Hon. Straud M. Logan, Judge.*

Mr. WILLIAM V. HODGES, Mr. W. H. GABBERT, Messrs. MCMULLEN & STERNBERG, for plaintiff in error.

Mr. SCOTT W. HECKMAN, Messrs. VINCENT & VINCENT, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in Error filed written objections with the assessor of Mesa county to the valuation and assessment of its property, and the questions raised on this review for our determination relate to the manner of perfecting an appeal from the decision of the assessor to the district court.

The provisions of the statute (C. L. 1921), insofar as

they are applicable to such proceedings, are as follows:

"Sec. 7291. If, in the opinion of any taxpayer, his property has been twice assessed, or if the property exempt from taxation has been assessed, or if personal property has been assessed of which said person was not possessed at the time of the assessment, or if any property has been assessed too high, or if any property has been otherwise illegally assessed, such person having such grievance may appear before the assessor and make known to the assessor the facts in the premises; and if in any particular the assessment complained of is erroneous under the statutes, the assessor shall correct the same."

"Sec. 7292. In all cases where the amount of the total assessed valuation assessed against such taxpayer exceeds the sum of $7,500, every objection and statement of grievance pursuant to the foregoing section shall be in writing, stating the particular grounds of such objection, or the particular facts wherein such grievance consists; and if such objection be overruled by the assessor, in whole or in part, he shall state briefly in writing the grounds of his refusal, and the taxpayer complaining may appeal from his decision to the district or county court of the county wherein the property is assessed on or before the first Monday in January following said assessment. Such appeal shall be perfected in the same manner as now provided by law for appeal from boards of county commissioners, upon the disallowance of a claim against the county; but before the appeal shall be allowed the petitioner shall pay to the county treasurer the amount of the tax levy pursuant to said assessment, and in case the appellant shall succeed in the county or district court, in whole or in part, the treasurer shall refund such tax according to the judgment of such court."

"Sec. 8702. When any claim of any person against a county shall be disallowed, in whole or in part, by the board of commissioners, such person may appeal from the decision of such board to the district court for the same county, by causing a written notice of such appeal to be

served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county, with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

Sec. 8703. The clerk of the board, upon such appeal being taken, shall immediately give notice thereof to the chairman of the board of county commissioners and shall make out a brief return of the proceedings in the case before the board, with their decision thereon; and shall file the same, together with the bond, and all papers in the case in his possession, with the clerk of the district court. Such appeal shall be docketed and tried in a summary manner, the same as in appeal cases from justice courts to county courts, and costs shall be awarded in like manner; Provided, however, That if the amount involved shall exceed the sum of $300.00 the applicant shall, within ten days after taking such appeal file a complaint as in other cases, in the district court, a copy of which shall also be served upon the clerk of the board and answer shall be made thereto as in other cases."

The plaintiff, in apt time, served the assessor with written notice of its intention to appeal to the district court from his written decision overruling its objections and statement of grievances to the assessment, and requested him to fix the amount of the appeal bond, which was fixed and executed and thereafter approved by the assessor and the clerk of the board of county commissioners, and filed in the assessor's office. After paying the county treasurer $21,742.54, the amount of the taxes levied in pursuance of the assessment complained of by the plaintiff, the assessor certified all papers in his possession to the clerk of the district court, which comprised the objections and statement of grievances by the plaintiff, the written decision of the assessor, the notice of appeal, the order for the appeal bond, the appeal bond with the written approval of the assessor and the county clerk thereon, and the cer-

tificate of the assessor that the taxes had been paid to the county treasurer, which were duly filed, and thereafter docketed by the plaintiff in the district court, and the assessor given timely notice that the case stood for trial on the court calendar. On motion of the county attorney the district court dismissed the appeal. The plaintiff brings error.

One of the contentions of the defendant in error in support of the judgment below, is that the amount involved exceeds $300, and that as no complaint was filed in the district court within ten days after taking the appeal, the district court was without jurisdiction. The contention is without merit. The point is foreclosed by *Catron v. Board of County Commissioners,* 18 Colo. 553, 556, 33 Pac. 513:

"There are no provisions in reference to written pleadings in the district court. The act is intended to provide a summary mode of relief in cases of unjust assessment, and the petition * * * constitutes the pleading upon which the petitioner is required to rest his case. The filing of a complaint in the district court was entirely unnecessary, and it might have been stricken from the files as irrelevant had that motion been interposed by the county. This being a special proceeding it is not affected by the act of 1891. Session Laws 1891, p. 110."

Counsel for defendant in error further contend that until the steps prescribed by this provision of the statute are strictly complied with, in taking an appeal from the assessor to the district court, the court is without jurisdiction. In opposition to this contention it is contended that the construction of the clause of section 7292, that appeals shall be perfected in the same manner as now provided by law for appeals from the board of county commissioners upon disallowance of claims against the county, shall be so interpreted as to mean that appeals shall be perfected by similar proceeding, so far as such procedure is applicable to proceedings before the county assessor.

The construction exacting rigorous compliance with the letter of the statute in cases of appeal from the assessor,

as contended for by defendant in error, would make appeals from the decisions of the assessor practically impossible. In such a case as here presented there would be no papers or proceedings depending before the board of county commissioners. The written objections, the decision, the record and papers in the instant case were in the official possession of the assessor. The return of the clerk of the board of county commissioners to the district court would be futile. The general reference in section 7292, (C. L. 1921), to the provisions of section 8702 and 8703, prescribing the manner of taking an appeal from the board of county commissioners, cannot be interpreted as requiring that these provisions shall be strictly and literally complied with in perfecting an appeal from the assessor to the district court. The phrase "in the same manner" means similar proceedings, so far as such procedure is applicable. *Phillips v. County Commissioners*, 122 Mass. 258.

It is unreasonable to presume that the legislature intended to require the performance of impossibilities in providing for relief from unjust assessments. Under the provisions of section 7292, the appeal was perfected when the notice of appeal was given to the assessor, the amount of the bond fixed, the bond filed and approved, the taxes paid, the appeal allowed by the assessor, the papers filed with the district court and the case docketed and set for trial. The proceeding being special, no further pleading was required.

The objection that the written objections and statement of grievances filed with the assessor are insufficient is not well taken. An examination of the written objections filed with the assessor disclose a substantial compliance with the requirements of the statute, and the grounds of the objection are stated with reasonable particularity.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.