## No. 10,644.

### HEWITT v. LANDIS, ET AL.

Decided April 7, 1924. Rehearing Denied May 5, 1924.

Action on bonds.   Judgment of dismissal.

### *Reversed.*

1. FORCIBLE ENTRY AND DETAINER—*Special Proceeding—Repeal.* The act "in relation to appeals and writs of error" found on page 9, S. L. '11, abolishing appeals, does not apply to, amend or repeal the Colorado detainer act, or other statutes creating special proceedings.

2. STATUTES—*Repeal.* Repeals by implication are not favored.

3. BONDS—*Consideration.* Where a lessee gave cost and occupancy bonds on suing out a writ of error to review a judgment against him in a forcible entry and detainer action, where he retained possession of the property for 30 days after judgment, such possession was sufficient consideration for the bonds, which are held good as common law undertakings.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. PHILIP HORNBEIN, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Hewitt was lessor, and defendant Landis was lessee, of a storeroom in the City of Denver. The tenant was proceeded against in the district court by the landlord under the forcible entry and unlawful detainer act for having violated the lease. Upon final hearing, judgment went against the tenant commanding him to

surrender possession of the premises. Thereupon he sued out a writ of error in the Supreme Court to review that judgment and made application for a writ of supersedeas pending review. At, or before, the time of such application defendant Landis, as principal, and the surety company, as surety, executed their joint undertaking commonly called a cost bond in the sum of $500.00 to pay all costs which had accrued, or might thereafter accrue, and for damages that might be sustained during the pendency of the writ of error, and at the same time they executed an additional undertaking, known as a use or occupation bond, in the sum of $3,000.00, conditioned to pay to the plaintiff obligee all sums that may be awarded to him for use and occupation of the premises. Both of these bonds were required by the forcible entry act in such a case as this. When executed, they were filed in, and approved by the clerk of, the district court. Under the act (C. L. 1921, § 6390) no writ of restitution shall issue upon any judgment until after the expiration of forty-eight hours from its entry. Had not these two bonds been filed, the district court, as the record shows, would, or might, have issued a writ of restitution at once after such expiration. We denied the application for a supersedeas and affirmed the judgment of the district court. Upon receipt of its remittitur by the clerk of the district court, this officer issued a writ of restitution, which was executed, commanding the sheriff to dispossess defendant Landis and restore possession to the plaintiff Hewitt.

The present action is upon these bonds, the complaint having two causes of action, one upon each instrument. The trial before a jury resulted in a verdict for the plaintiff upon each cause of action, whereupon plaintiff moved for judgment in his favor, and the defendant moved for judgment in his favor, notwithstanding the verdict. The court overruled the plaintiff's motion, sustained that of the defendant and entered judgment dismissing the action, which the plaintiff is seeking to review on this writ of error.

From judgments of the district and county courts ren-

dered in proceedings under the forcible entry and detainer act appeals and writs of error to the Supreme Court are allowed as in other cases (section 6388, C. L. 1921), provided that, in addition to the conditions now prescribed by law, the undertaking, in cases of appeals, shall be conditional as in cases of appeal from justices of the peace under the same statute, which, inter alia, require two separate bonds of the character above indicated. These provisions evidently were intended to secure to the landlord in such a case ample protection in case of a review by the Supreme Court, whether by appeal or writ of error. Either remedy for review might be chosen, and it would seem that in either case the two bonds must be filed. It is true that the provision with reference to these bonds indicates they were to be given in cases of appeals only and not where review is by writ of error; but if it was the intention of our General Assembly to make no distinction, as to the security required pending a review, between appeals and writs of error, this statute might be construed as employing "appeals" and "writs of error" in the generic or broad sense of a review and, if so, the bonds provided should apply to either method of review. It is not likely that the General Assembly intended to provide for a landlord a security when the tenant took an appeal and withheld it when the tenant sued out a writ of error. This distinction, however, would not be important here were it not for the contention of the obligors that appeals provided by this act were abolished by the Session Laws of 1911, page 9, and therefore a landlord, if he wants a review, must sue out a writ of error and is not now entitled to the securities provided by the act in cases of appeal. If we are right as to the foregoing construction, the alleged repeal is not important, but not definitely adopting that construction we reach the conclusion for other reasons that this judgment is wrong. The alleged repealing act is entitled: "An act in relation to appeals and writs of error." Section 6 reads: "All statutes granting and regulating appeals from District, County and

Juvenile Courts to the Supreme Court, in all actions, suits and proceedings, both civil and criminal, are hereby repealed." This section further declares that reviews by the Supreme Court are to be had by writ of error. The act in question has been construed by this Court in *Denniss v. People*, 55 Colo. 120, 133 Pac. 741, and in *Harrington v. Harrington*, 58 Colo. 154, 144 Pac. 20. It will be observed that section 6, *supra,* does not say "special proceedings," but "proceedings". There has always existed since, as well as before, the adoption of our Code of Civil Procedure a recognized distinction between ordinary civil actions and special proceedings. By using "proceedings" instead of "special proceedings," we think the General Assembly did not intend to abolish appeals in special proceedings provided by separate statutes, but meant only in such proceedings as are provided for and included in our Code. This repealing act purported to abolish appeals in criminal actions, which certainly is as comprehensive when applied to criminal actions as "proceedings" is to civil actions. Nevertheless, this Court in the Denniss Case, *supra,* held that the 1911 act did not alter or repeal or refer to criminal actions, or statutes relating thereto, although they were mentioned directly and included in the act. The Court said this was so because the evident purpose of the act of 1911 was to gather in one body as much as possible of the provisions of the Civil Code relating to the review of civil causes, and that the whole act purports to be merely an amendment to the Civil Code without specifically saying so, and since repeals by implication are not favored, the effect of the act would be, and it was, restricted to the ordinary civil actions provided for in the Civil Code. In the Harrington Case this Court referred with approval to the decision in the Denniss Case, and to the reference in the latter as to the purpose of the General Assembly in collecting in one body the pre-existing provisions of the Code, said: "If, for the reasons stated, the act does not alter or repeal statutes governing criminal cases, they being governed by special provisions, it is

equally true, upon like considerations, that it does not alter or repeal the special provisions relating to divorce proceedings. The primary purpose and effect of the act was to amend the civil code, and it cannot be held to amend or repeal statutes controlling proceedings to which the civil code does not apply, unless it does so directly, * * *

In other words, since it has been held that the primary purpose and effect of the act of 1911 was to repeal and amend the civil code, it could repeal no provision outside of the code except by express reference."

We say if, as this Court held, and for the reasons thus stated, the 1911 act did not affect or repeal any statute or a provision outside of the Civil Code, or affect or repeal statutes controlling proceedings to which the Civil Code does not apply, unless it does so directly, then for the same reason it was not intended to apply to, or affect or repeal or amend, the forcible entry and unlawful detainer act, which is a statute separate and apart from the Civil Code and which provides, at length and in detail, a complete procedure and furnishes a remedy to landlords in controversies between them and their tenants. There is no express repeal in the Act of 1911 of the forcible entry and detainer act and no reference whatever is made thereto. This conclusion, at least indirectly, is sustained by this Court in *Weir v. Welch*, 71 Colo. 66, 203 Pac. 1100, where it is said: "Our unlawful detainer act makes no provision for a replication and it has been held that the necessity therefor has by implication been excluded." That statement is necessarily based upon the proposition that our code provision which requires, in a given case, a replication, has no application to the unlawful detainer act and is a recognition that the practice and procedure under the detainer act was, as is therein provided, and not as the code requires. By parity of reasoning we say that our General Assembly, when it abolished appeals in civil actions and proceedings, meant only such proceedings as are specifically provided for in the code itself. Lending color to this conclusion that the word was so employed,

is the fact that in the Code many proceedings have been provided which theretofore were not civil actions but were recognized as special proceedings. It may be true that when thus incorporated in the Civil Code some or all of them are there-after, and thereby, to be considered as civil actions. They are, however, not inherently civil actions and would not be so considered unless included in the Civil Code. Some of these are proceedings subsequent to execution, garnishment, attachment, establishment of disputed boundaries, arbitration and award, submitting controversies without suit, contempts and their punishment, offers of compromise. These, and possibly others of the same class, are the proceedings to which the word "proceedings" in the 1911 act refer. There is just as much reason now as before the passage of the 1911 act for the protection of the landlord by these bonds. We apprehend that when a writ of error is sued out in this Court and an application made for a supersedeas in proceedings under this unlawful detainer act, the Court would, if granted, require the giving of these bonds, or other bonds affording the same protection. We, therefore, hold that the 1911 act abolishing appeals did not apply to or amend or repeal separate or other statutes creating special proceedings and our detainer act is not thereby affected.

2. We think also the bonds given in these cases would be good as common law undertakings. Under the detainer act as stated, a writ of restitution is withheld for the period of forty-eight hours after the entry of judgment. At once, upon the expiration of that time the trial court could, and should, upon the demand of the plaintiff, issue the writ which would give him possession of the premises. This extension of time evidently was made to give the tenant opportunity either to perfect an appeal to, or secure a writ of error from, the Supreme Court or to comply with the judgment. Evidently the district court would have granted the writ upon the expiration of the time limit unless a stay of execution was obtained. These writs

secured for the principal obligor this stay for about thirty days, from November 10 to December 10, during which time he held possession of the premises. The record of the district court shows that, irrespective of the statutes, the right of review was conditioned on the furnishing of these bonds under rule 9 of that court as security for granting stay of execution. The tenant could not have retained possession unless the bonds were given. His possession was ample consideration for the giving of the bonds, even though no statute required them. The mere fact that the obligors inserted in the bonds the statement that, although they considered them unnecessary under the statute, nevertheless they were executed to the end that the defendant might not lose his right to prosecute a writ of error in the Supreme Court, of itself is a recognition of a benefit which the tenant thereby obtained in retaining possession of the premises until a determination of his application for a writ of supersedeas, and, therefore, there was and is a consideration for the bonds, even if they were not under seal.

For these reasons we think the judgment of the district court was wrong. It is, therefore, reversed and the cause remanded with instructions to set aside the same and render, in lieu thereof, a judgment on the verdict returned by the jury upon each cause of action for the amount thereof, and, in addition thereto, treble damages as provided in section 6391, C. L. 1921, and costs.