## No. 11,162.

### VAN DYKE, ET AL *v.* FISHMAN, ET AL.

Decided May 4, 1925.   Rehearing denied June 1, 1925.

On motion to dismiss writ of error.

*Writ Dismissed.*

1. APPEAL AND ERROR—*Dismissal—Motion.* Objection that a writ of error was improvidently issued, will be considered as a motion to dismiss the writ on the ground that it does not lie.

2. BOUNDARIES—*Dispute—Review.* Whether chapter 24, p. 158, C. L. '21, relating to boundaries, is a special proceeding of such nature that the Code provision relating to writs of error does not apply, discussed, but not determined.

3. APPEAL AND ERROR—*Final Judgment—Review.* An order overruling a motion to vacate a judgment, is not final in the sense that it may be reviewed by writ of error. Had a writ of error to the judgment been sued out at the proper time, subsequent proceedings in the same case might be reviewed in connection with the final judgment; but the final judgment itself, which by reason of lapse of time may not be reviewed, cannot be reviewed in connection with an attempted review of the subsequent non-reviewable order.

*Error to the District Court of Kit Carson County, Hon. Arthur Cornforth, Judge.*

Mr. W. PENN COLLINS, Mr. GUY D. DUNCAN, for plaintiffs in error.

Messrs. GODSMAN & GODSMAN, Mr. A. P. TONE WILSON, JR., Mr. CLYDE L. STARRETT, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ON the application by plaintiffs in error to have their writ of error made a supersedeas the defendants in error, as their first step, and without discussing the merits, seasonably interposed their objection thereto solely on the ground that the writ of error was improvidently issued. Their objection is equivalent to, and is to be considered as, a motion to dismiss the writ upon the ground that it does not lie in this case. This is not an ordinary law action or suit in equity. It was instituted under a statute of the state passed in 1907 to establish disputed corners and boundaries of land. S. L. 1907, p. 286. The statute does not in its title or contents purport to be an amendment of any part of our Code of Civil Procedure. On the contrary, section 3 declares: "The action shall be a special one in equity." Whether properly or not we need not determine, the statute was inserted by the compiler in the Revised Statutes of 1908, p. 129 as chapter XXIV of the Code of Civil Procedure, and in C. L. 1921, p. 158 as chapter XXIV. The creating act provides a complete procedure dissimilar to that in the civil code and what is material here, an appeal is allowed from the final decree entered, but no appeal shall be taken after three months from the final judgment or decree of the court. That decree is the one which the court makes either approving, rejecting or modifying the report of the commission theretofore appointed by the court to locate the lost, destroyed or disputed corners.

We have recently held in *Hewitt v. Landis,* 75 Colo. 277, 225 Pac. 842, that our 1911 statute abolishing appeals and substituting therefor writs of error is restricted to the civil actions and proceedings provided for in and by the civil code itself, and does not apply to special statutory proceedings outside of the code for which a special procedure is therein provided. If the case in hand is of the latter class, and the appeal within three months provided by the 1907 statute applies, and is the exclusive remedy for a review of decrees therein, there can be no question

that a writ of error does not lie in this case. That question, however, need not be decided, and we refer to it merely to avoid a misconception that might arise if the opinion was silent in respect thereto. For another reason, and because of previous decisions of this court upon the question, the pending writ of error may not be maintained.

The final decree in this case was rendered December 7, 1922. In January, 1923, some of the defendants or objectors applied to have the decree vacated and set aside. For some unexplained reason no hearing was had until January 4, 1924, when the court overruled the motion to vacate. Plaintiffs in error here admit that it was then too late to sue out a writ of error to the final decree, of which they complain at this time, because more than a year had then passed since its rendition, but they say that in the pending writ of error which is sued out only to review the subsequent order refusing to vacate, they may have a review of the preceding final judgment.

Assuming then, but not so deciding, and that is the most favorable view to plaintiffs in error, that not the special statutory procedure but rule 18 of this court applies, just as if this was an ordinary equity action, this writ does not lie to review the final judgment which was rendered more than two years before it issued. At the time of the final judgment rule 18 of this court had been in force for more than two years and plaintiffs in error, of course, were charged with notice that if they wished to have a review of that final judgment their writ of error thereto must be sued out within the period of one year after its rendition. Plaintiffs in error at the time they sued out the pending writ of error, which was directed to the order overruling their motion to vacate this final judgment, could not have sued out a writ of error to review the final judgment itself, because it was too late. They seek, however, to have this final judgment, which is in fact and in substance the thing of which they complain, reviewed and set aside in a writ of error which was sued

out to review a non-appealable order in the same proceeding. At this term, in *Miller v. Buyer,* 77 Colo. 329, 236 Pac. 990, we have ruled against a similar contention which prevents these plaintiffs in error from maintaining this writ of error. This subsequent order is not in any sense a final judgment and not subject to be reviewed by writ of error. Had a writ of error to the final judgment itself been sued out at the proper time, subsequent proceedings in the same case might be reviewed in connection with the final judgment, but the final judgment itself, which by reason of lapse of time may not be so reviewed, cannot be reviewed in connection with a review of the subsequent nonreviewable order. The reasons for such decision, and a number of our own former cases on the subject, will be found in the Miller-Buyer Case, and need not be reproduced here.

Writ dismissed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.