## No. 11,159.

FELLOWS, ASSESSOR, v. GRAND JUNCTION SUGAR CO.

Decided December 21, 1925.

Action to correct alleged erroneous assessment and for refund of taxes paid. Judgment for plaintiff.

*Affirmed.*

1. TAXES AND TAXATION—*Assessment—Valuation.* On the question of value of property for assessment purposes, if there be no market value, every fact which will throw light on the subject and materially aid the court in determining the value is admissible, but no one of them is controlling.

2. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action to correct an alleged erroneous tax assessment, judgment of the trial court that the assessment was manifestly excessive and oppressive, approved, over the objection that it was not supported by the evidence.

3. TAXES AND TAXATION—*Erroneous Assessment—Action.* The proceeding to correct an alleged erroneous tax assessment and for a refund of taxes paid, is special.

4. *Refund—Judgment.* In an action to correct an alleged erroneous assessment and for a refund of taxes paid, judgment ordering the county treasurer to refund to plaintiff the amount of excess taxes paid, with interest, approved, over the objection that the court was without jurisdiction to render judgment against the county officials in such an action.

*Error to the District Court of Mesa County, Hon. Thomas
J. Black, Judge.*

Mr. SCOTT W. HECKMAN, Messrs. VINCENT, VINCENT &
BOWIE, Mr. WAYNE C. WILLIAMS, Attorney General, Mr.
RILEY R. CLOUD, Assistant, Mr. WILLIAM L. BOATRIGHT,
Attorney General, Mr. CHARLES ROACH, Deputy, for plaintiff in error.

Messrs. HODGES, WILSON & ROGERS, Messrs. MCMULLIN,
STERNBERG & HELMAN, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

FOR convenience we hereinafter refer to plaintiff in error
as the assessor and defendant in error as the company.

The assessor fixed the valuation of the company's plant
for 1921, for purposes of taxation, and the company filed
objections thereto. Those objections were overruled. The
company paid the tax and appealed to the district court.
The assessor moved to dismiss for failure to comply with
the statute governing such appeals, and the motion was
sustained. The company came here on error and the cause
was reversed and remanded for trial. *Grand Junction
Sugar Co. v. Fellows,* 74 Colo. 242, 220 Pac. 992. The Colorado Tax Commission intervened and answered, and at the
conclusion of the trial the court found the assessment "manifestly excessive and oppressive" and gave judgment accordingly. To review that judgment the assessor sued out
this writ.

The alleged errors which are of sufficient gravity to
justify consideration here are: (1) The trial court was
without jurisdiction because the company's statement of
grievances as to the assessment was insufficient; (2) the
court erred in the admission of evidence and the rule followed in determining value for the purpose of assessment;

(3) the evidence was insufficient to support the judgment; (4) the court was without jurisdiction to render a money judgment or a judgment against the assessor.

1. Our former opinion (74 Colo. 242), disposes of this contention adversely to the assessor.

2. The statute provides that "market value" shall be the guide in determining the "true value" of taxable property, and if there be no market value then fair value at a voluntary sale, value of use, capability of use, value of capital stock and bonds, and cost of duplication, may if necessary, and according to the facts, be considered. Also "any other just method of determination," "any and all other evidence of full and true cash value," "cost of duplication or other just means," and "every element, subject or consideration wherein the use is in inseparable combination with the whole." § 7243, 7244, C. L. 1921.

In this case the court admitted, and apparently considered, evidence of cost and duplication and profitableness of operation, and every other element or fact which would throw any light on the question. In determining "fair value" or "actual value", market value is usually taken as the measure, because most likely to be just and least difficult of ascertainment. When there is no market that value is held to be the price the property would bring if offered by one who wished, but was not obliged, to sell, and purchased by one who wished, but was not obliged, to buy, the wishes of vendor and vendee being equally ardent. Every fact which will throw light on the subject, and materially aid the court in determining such value, is admissible, but no one of them is controlling. *Milwaukee Trust Co. v. Milwaukee,* 151 Wis. 224, 138 N. W. 707.

Such is apparently the rule laid down by the statute cited. We think the court followed that rule, and that all evidence admitted, and to which objection is here made, was proper under it.

3. The evidence is voluminous and sometimes conflicting. Some of it is intricate and technical. No good purpose could be served by reviewing it in detail here. We

have examined it carefully and are satisfied that it supports the judgment.

4. The statute provides: "In case the appellant shall succeed in the county or district court, in whole or in part, the treasurer shall refund such tax according to the judgment of such court. * * * and * * * interest * * * at ten per cent. per annum from the time of payment thereof." § 7292, C. L. 1921.

The judgment of the court was that, "The County Treasurer of Mesa County, Colorado, is ordered and adjudged to refund and pay to the said The Grand Junction Sugar Company or its assigns, the amount of the taxes so paid by it on December 31, 1921, on account of said excess assessment of $248,030.00 amounting to $6,456.24 general taxes, together with interest thereon at 10 per cent per annum from December 31, 1921, and the costs of this proceeding." The proceeding is special. The assessor and treasurer merely represent the county. The judgment is in strict conformity to the statute and is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.