## No. 11,553.

### FORT MORGAN RESERVOIR AND IRRIGATION CO., ET AL. *v.* PUTNAM DITCH CO., ET AL.

Decided June 15, 1926.

On motion to dismiss writ of error.

### *Motion Denied.*

1. IRRIGATION—*Change of Point of Diversion—Review.* "Re-arguments" and "reviews" as used in section 1711, C. L. '21, concerning proceedings to change point of diversion, refer to proceedings in the district court, not the Supreme Court.

2. APPEAL AND ERROR—*Change of Point of Diversion—Review.* A writ of error lies to review proceedings to change point of diversion of water.

3. *Writ of Error.* The limitation of thirty days mentioned in section 1711, C. L. '21, concerning proceedings for change of point of diversion, has no application to writs of error.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. WILLIAM A. HILL, for plaintiffs in error.

Mr. HARRY N. HAYNES, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error move to dismiss the writ of error. The action was a statutory proceeding to change the point of diversion of water adjudicated to the Putnam ditch. The change was granted. The ground for the motion to dismiss is that plaintiffs did not comply with C. L. § 1711, by praying for a review within thirty days from the decree. It is conceded that they did not do so, and the question is whether it was necessary.

The section is as follows: "1711. Re-arguments, reviews and appeals. Sec. 94. Re-arguments and reviews of and appeals from decrees entered hereunder may be had as in the case of a statutory water adjudication: *Provided, however,* They be prayed within thirty days from the time of entering the decree complained of."

"Re-arguments" and "reviews" refer to proceedings in the district court with which we are not here and now concerned.

This court held in *Ft. Collins Co. v. Larimer & Weld Co.,* 58 Colo. 183, 143 Pac. 1091, that chapter 6, Session Laws of 1911, printed in the Code of 1921, as sections 420–443, abolished appeals in proceedings for change of the point of diversion of water. Section 6 of said act (Code 1921, § 425) is the section which effects such abolition. It reads: "All statutes granting and regulating appeals from district * * * courts to the supreme court, in all actions, suits and proceedings, both civil and criminal, are hereby repealed." In *Hewitt v. Landis,* 75 Colo. 277, 225 Pac. 842, this court held that "proceedings" in said section 425 did not include "special proceedings" and that therefore statutes granting and regulating appeals in special proceedings were not repealed. That the change of the point of diversion is a special proceeding would seem obvious and such conclusion is

strengthened by *Van Dyke v. Fishman,* 77 Colo. 333, 236 Pac. 992, where it was said a special proceeding meant any proceeding not provided for in the Code. Change of point of diversion is not provided for in the Code. There seems, then, to be an irreconcilable conflict between these decisions, the one holding that appeals under section 1711 are abolished, and the necessary conclusion from the other two being that they are not abolished. Be that as it may, however, the motion to dismiss this writ must be denied, whether section 1711 is repealed or not, and whether appeals thereunder are abolished or not. The defendants below are not here by appeal, but by writ of error, which lies to such a proceeding as this whether the same be called a special proceeding or not. In section 425 following the above excerpt are these words: ''Writs of error shall lie from the supreme court to every final judgment, decree or order of any   *   *   * district court   *   *   *   in all actions, suits and proceedings, (whether or not such action, suit or proceeding is governed by the code of civil procedure or was commenced under the provisions of the general statutes of this state)   *   *   *.''

Defendants in error argue that the thirty-day notice or prayer for appeal must be transferred from the appeal to the writ of error. We do not think so. We think the thirty days refers to appeals only. Limitations on writs of error are provided in the statutes and rules of court concerning such writs. If we regard section 1711 as repealed, how can a part of the proceeding therein mentioned be saved from the express repeal thereof and thrust into another proceeding provided for by another statute which has provisions of its own on the same subject? If, on the other hand, we regard it as unrepealed, still less can we say that this limitation is to be thrust into the proceedings upon writ of error.

Motion denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.