No. 11,692.

BOARD OF COUNTY COMMISSIONERS OF MONTEZUMA COUNTY, ET AL. *v.* CORTEZ LAND AND SECURITIES CO.

Decided April 4, 1927.

Action to cancel tax assessment on ditch stock. Judgment for plaintiff.

*Affirmed.*

1.   TAXES AND TAXATION—*Ditches.* Ditches, canals and flumes of an irrigation company used for irrigating the lands of its members, and for no other purpose, are not taxable.

2.    *Corporate Property—Exemption.*    The interest of a share-holder in a corporation, the property of which is exempt from taxation, is also exempt.

3.    *Irrigation Rights.*    Although all the water rights owned by a corporation are not used for the irrigation of its lands, if the unused portion is used by other water right owners in the irrigation company for the exclusive irrigation of their lands, the rights are not taxable.

*Error to the District Court of Montezuma County, Hon. W. N. Searcy, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. REESE McCLOSKEY, for plaintiffs in error.

Mr. JOHN J. DOWNEY, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error filed objection with the assessor to the assessment of certain of its ditch stock. August 7, 1925, the assessor overruled the objections, the company appealed to the board of county commissioners and its petition to that body was denied November 13, 1925. The company then petitioned the district court, under the statute, to cancel the assessment, which was done, and the county brings error.

The essential facts are as follows: The Cortez Company, defendant in error, was a stockholder in the Montezuma Valley Irrigation Company, a mutual ditch company, and owned land under that company's ditches to which its water rights, held by virtue of its stock, were applicable. It purchased 251 other shares of stock in said ditch company, which, it is admitted, is of the value

of $6,000. This stock was assessed for the year 1925, with the result above stated. The ditch company has issued 41,835 shares of stock, each of which entitles the holder to water for one acre. There are about 26,000 acres under cultivation under the ditch. The Cortez Company owns about 10,000 acres with stock to irrigate it. It cultivates but a small part of this land, and its surplus water inures to the benefit of other shareholders, but to no one else.

Colorado Constitution art. X, sec. 3, reads: "Ditches, canals and flumes owned and used by  *  *  *  corporations, for irrigating land owned by such  *  *  *  corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purposes."

Compiled Laws sec. 7383, reads: "Provided, however, that corporate stock shall be deemed to represent the corporate property, and except in case of banking corporations shall not be taxed. The tax payer need not return such stock in his schedule."

The defendant in error maintains that under this section of the Constitution its stock cannot be taxed. We think the proposition is right.

The ditches, canals and flumes of the irrigation company are used for irrigating the land of its members and for no other purpose and are therefore not taxable. Certificates of shares of stock commonly called stock, are but statements of the undivided interests in the company's property which belong to the holders of the certificates. Said section 7383 expresses this fact. The property of a corporation is assessed to the corporation and the corporation pays the tax. Thus the tax is paid on the interest of each shareholder. If, then, the property is exempt, the shareholder's interest is exempt.

It is claimed that in the present instance the irrigation company owns valuable property other than its ditches, canals and flumes, which is not exempt, but such

property should be assessed to the irrigation company; moreover, the admitted valuation of $6,000 is not the valuation of the interest of the Cortez Company in this other property.

It is claimed that the defendant in error is not using this stock to irrigate its land and therefore it should be taxed; but the conclusion does not follow. The Cortez Company's unused water rights are used by other shareholders in the irrigation company, and so the ditches, canals and flumes of the latter are still owned and used exclusively for irrigating land owned by its individual members.

Judgment affirmed.