### Nos. 11,782, 11,783.

### PHILLIPS *v.* BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY.

*Decided December 19, 1927.*

Proceeding to correct alleged erroneous tax assessment. Judgment for defendant.

### *Affirmed.*

1. TAXES AND TAXATION—*Erroneous Assessment—Remedies.* A taxpayer has two remedies for the correction of an erroneous assessment, viz., taking the matter to the board of county commissioners and boards of equalization, or, if the amount exceeds $5,000, appealing to the district court.

2. *Erroneous Assessment—Relief.* In the absence of fraud, relief from an alleged erroneous assessment may be given only if the amount of the assessment is manifestly excessive or oppressive.

3. *Assessment—Valuation.* The value of property as fixed by the county assessor for the purpose of taxation is presumed to be right, and a taxpayer who asks relief from an alleged over-assessment may have it only by affirmatively and clearly showing that it is manifestly excessive, fraudulent or oppressive.

4. APPEAL AND ERROR—*Tax Assessment—Conflicting Evidence.* When a trial court has determined the value of property for the purpose of taxation, on conflicting evidence, the reviewing court will not interfere with its findings and judgment.

5. TAXES AND TAXATION—*Valuation—Evidence.* In an action by a taxpayer to correct an alleged erroneous assessment, plaintiff may not complain of the admission of evidence of the valuation of the property as a whole, for assessment purposes, where he introduced evidence of similar character.

6. APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

7. TAXES AND TAXATION—*Appeal and Error—New Objections.* In proceedings to correct an alleged erroneous assessment, objections not presented to the assessor, not raised by the pleadings and not assigned as error, will not be considered on review.

*Error to the District Court of Douglas County, Hon. Arthur Cornforth, Judge.*

Mr. H. A. HICKS, for plaintiff in error.

Mr. J. M. TAYLOR, Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF in error, Phillips, owner of lands situate in Douglas county, objected to the assessment thereon for taxation by the county assessor for each of the years 1924 and 1925. The assessor overruled the objections and Phillips, proceeding under section 7292, C. L. 1921—the total valuation exceeding $7,500—perfected separate appeals from the adverse decisions to the district court, where, by agreement of the parties, trial of the same as one case, resulted in findings and judgment in each case

against the appellant. The two separate writs of error to review these several judgments are, by a similar agreement of the parties, submitted and heard as one case on the same briefs, and upon similar records, as the questions of fact and law are the same in each.

Before passing to the merits it will be well to state that in Colorado a taxpayer who objects to an assessment made by the county assessor has a choice of at least two remedies to test its propriety. By the first remedy he may appeal to the board of county commissioners, sitting as a county board of equalization. If denied relief there he may resort to the Colorado Tax Commission, and if he is dissatisfied with its action the attorney general says he may go before the State Board of Equalization. Another or second remedy for over-assessment, if the amount exceeds $7,500, is afforded by section 7292, C. L. 1921, if the assessor overrules the taxpayer's protests thereto, in which event the latter may appeal to the district or county court, first having paid to the county treasurer the amount of the tax pursuant to the assessment. The court to which the appeal is taken by express language of the section "shall not review or give relief against an assessment unless it shall appear manifestly excessive, fraudulent or oppressive." This section also provides that the assessor, in the first instance, and the court on the appeal, in considering such grievance "shall take into consideration the value as fixed by the assessor upon other similar assessable property similarly situated."

In this controversy the taxpayer Phillips selected the second remedy by appealing from the assessment, which exceeded $7,500, directly to the district court. No charge is made here of fraud, and relief, if any, may be given only if the amount of the assessment is excessive or oppressive. In support of the foregoing see: *First National Bank v. Patterson,* 65 Colo. 166, 176 Pac. 498; *Union National Bank v. Weld County,* 75 Colo. 298, 225

Pac. 851; *Idem,* 264 U. S. 450, 44 Sup. Ct. 385, 68 L. Ed. 784, affirming our judgment.

The assessments complained of were made on about 16,500 acres of land in Douglas county which form part of the Phillips Highland ranch of about 17,500 acres, about 640 acres of which lie in Arapahoe county. Only the Douglas county assessments are involved in this review. These are the grievances as summarized in the opening brief. Phillips there says that these two review proceedings were brought to correct the assessments made on his Highland ranch as dry farming lands at $20.00 per acre for the year 1924, and $19.50 per acre for 1925, whereas these lands should have been classified as grazing lands and as such assessed in 1924 at $5.00 per acre and in 1925 at $4.00 per acre; these respective amounts being conceded to be the schedules or rates on which during these two years all dry farming and grazing lands in Douglas county were assessed. The respective rates for the different character of lands are not attacked in these proceedings. Phillips further says that assessments of irrigated lands or improvements on grazing lands, or how much property he owns as a whole in Douglas county, are not properly issues in these proceedings and likewise the amount of assessments thereon or the miles of fence and other such matters are wholly immaterial. Since the plaintiff in error strenuously and repeatedly insists, in the course of his brief, that the trial court misapprehended the issues, at the risk of unnecessarily repeating his grievance it is well to say that he asserts that the sole question, concretely stated, involved in the 1924 case is whether the assessor properly classified and assessed 3,000 acres of his land as dry farming land at $20.00 per acre or whether he should have classified and assessed the same as grazing lands at $5.00 per acre; and in the 1925 case whether 5,000 acres should have been classified as dry farming and assessed at $19.50 per acre, or as grazing lands at $4.00 per acre, and whether assessments on what is known as

headquarters property, which for each of these years was assessed at $60,000, should be approved, or be reduced to $40,000, the proper amount as contended for by the taxpayer.

1. The settled doctrine of this court, and of the courts generally, is that value of property for taxation, which has been determined by a county assessor, is presumed to be right. The taxpayer who asks relief against an alleged over-assessment may have it, only by affirmatively and clearly showing that it is manifestly excessive, fraudulent or oppressive. *Singer Mfg. Co. v. Denver,* 46 Colo. 50, 103 Pac. 294; *U. P. Co. v. Hanna,* 73 Colo. 162, 171, 214 Pac. 550; *Standard Chem. Co. v. Curtis,* 77 Colo. 10, 233 Pac. 1112.

Generally speaking, when the trial court has determined such controverted issues on conflicting evidence, the reviewing court will not interfere with its findings and judgment whether the same be for or against the taxpayer. *Fellows v. Sugar Co.,* 78 Colo. 393, 242 Pac. 635. Our examination of the voluminous abstract of the record discloses that upon the issues of fact joined, there is a conflict in the evidence and the trial court, having before it the witnesses, was better able to judge of their credibility than we are, and it found the preponderance of the testimony to be with the defendant. Applying the rule prescribed for us by the governing statute, we are unable to say that the assessments in question were manifestly either excessive or oppressive, hence we cannot set aside the trial court's findings or its judgment based thereon for any alleged insufficiency of evidence.

2. But counsel for plaintiff strenuously insists that the trial court committed prejudicial error in admitting testimony as to the value of the property as a whole, and in its application thereof to the issues, in that it based its findings upon the proposition that, since there was no claim of excessive valuation of the plaintiff's property as a whole, and his only claim of over-assessment consisted in the assessor's classifying grazing, as dry farm-

ing lands, and in applying the higher schedule rate of the latter to the lower rate of the former. The record does show that the trial court permitted the defendant assessor to introduce evidence whose tendency was to show that the plaintiff's property as a whole was not over-assessed. In his argument here the plaintiff, if he does not forget, overlooks the fact that he himself first produced evidence on this issue and he may not now urge that answering evidence of the same character was produced by the defendant. When the defendant's offer of such evidence was made it appears that the trial court was in doubt as to its admissibility, though in other jurisdictions it has been held that a taxpayer is not entitled to an abatement of a tax because a part of it was erroneously assessed, where the total tax was not too great, because some other part was too small. Such was the holding in the following, among other cases: *Connecticut Val. Lumber Co. v. Monroe,* 71 N. H. 473, 479, 52 Atl. 940; *State, etc., Co. v. Haight,* 35 N. J. Law, 178, 184; *People, ex rel. Strauss v. Purdy,* 167 N. Y. Supp. 66; *People v. State Tax Commission,* 192 N. Y. Supp. 388; *Tacoma Ry. & Power Co. v. Pierce County,* 193 Fed. 90.

Whether these decisions were under statutes similar to ours we do not pause to inquire, because the trial court in its ruling said that such evidence would be admitted, but would not be considered if it finally concluded that assessment of the property as a whole was foreign to the issue. True, when the court pronounced final judgment it said that if it should entertain the view that plaintiff was not entitled to relief unless his total assessment was excessive or oppressive, then he clearly was not entitled to any relief at all here because the total amount of his assessment was not too high. The court, however, said that if that view be disregarded and if the taxpayer may complain here of specific items, then under section 7292, supra, the evidence before it "fails to show that the tax complained of is manifestly excessive and oppressive." So that as to this point, we say that even

if evidence as to the assessed value of the property as a whole was immaterial under the issues framed, since the plaintiff himself produced evidence of this character he may not complain. But aside from that the record clearly shows that the court specifically found that the assessed valuation was not excessive or oppressive and, therefore, its judgment was right because, as we have already held, the evidence, aside from the assessment of the whole, was sufficient to warrant the judgment and we cannot set aside the trial court's findings of fact.

3. Another assignment of error is that the assessor was guilty of unjust discrimination against the plaintiff and in favor of other taxpayers in the county in assessments upon their similar lands similarly situate, and that this discrimination includes both improper classification and price per acre. The evidence as to the alleged discrimination is in direct conflict. What we have already said as to the court's findings of fact applies here. Its finding was that there was no discrimination and we cannot disturb it.

4. The assessed value of what is called headquarters property, included a large building referred to in the evidence as a castle. Plaintiff scheduled the castle at $40,000. The assessor raised it to $60,000. There was abundant evidence to sustain the assessor's valuation and we cannot interfere with it.

5. An assignment of error, not referred to in the opening brief, is argued in the reply brief, that there is nothing in the record which shows where the lands or any part of them are located, except upon the Highland Ranch as originally owned by Col. Hughes and that it consisted of 10,782 acres. Not stopping, except to suggest that the plaintiff probably would not have appealed from an assessment by the assessor of Douglas county upon his lands unless his lands were situate in Douglas county, we observe that, even if there is any foundation for the statement, the objection comes too late. No such objection was made to the assessor. It was not raised

in the pleadings and is not assigned as error in this court.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.