No. 16,265.

IN RE ASSESSMENT OF MERCHANDISE OF HOVER MOTORS, INC., CITY AND COUNTY OF DENVER ET AL. *v.* HOVER MOTORS, INC.

(212 P. [2d] 99)

Decided October 24, 1949.    Rehearing denied December 5, 1949.

Mr. J. GLENN DONALDSON, Mr. CHARLES H. HAINES, for plaintiffs in error.

Mr. HARRY A. KING, Mr. EMORY L. O'CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

ON motion to dismiss the writ of error, three grounds are urged: (1) That this court is without jurisdiction to review the judgment of the district court, in that it was rendered in a special proceeding in connection with which the statute contains no provision for appeal to, or review on error by, this court; (2) that the decision of the assessor from which appeal was taken in this case was predicated upon the asserted unconstitutionality of the statute directing his action; that the assessor was without authority to pass upon the constitutionality of the statute; that the jurisdiction both of the county board of equalization and of the district court was derivative and therefore the court was without jurisdiction therein to determine the constitutionality of the statute, and there is no issue to be reviewed except the right of the assessor to determine the constitutionality of the statute; (3) that the specification of points fails to set out particularly, as required by rule, any alleged error upon which plaintiffs in error rely.

In support of the first contention, counsel rely on *Pilgrim Consolidated Mining Company v. Board of County Commissioners of Teller County,* 20 Colo. App. 311, 78 Pac. 617, and *Board of County Commissioners of Teller County v. Pinnacle Gold Mining Company,* 36 Colo. 492, 85 Pac. 1005. The former case held that under Laws 1889, page 24, which made provision for appeal from the assessor to the board of county commissioners and from that board to the district court, there was no · provision for review of the action of the district court, and that, in the absence of such provision, no appeal would lie, for the reason that such a special statutory proceeding is not a "civil case" within the purview of the statute providing for review of final judgments of inferior courts of record in all civil cases. In the case of Teller County v. Pinnacle Co., we held that for like reason there was no right of review by appeal or writ of error of the judgment of the district court in its review of assessments under the subsequent similar statute, sections 94 and 94A, chapter 3, Session Laws 1902. Accordingly, in those cases the dissatisfied party was required to seek relief, if at all, by a new and appropriate action. The judicial inefficiency resulting from that situation is demonstrated in the history of the former case where the issues were twice tried in the lower court and three times considered on review and then remanded for a third trial. The present proceeding is based on similar provisions in the present law, section 116, chapter 142, '35 C.S.A., as amended, S.L. '45, page 549, wherein, still, no right of review of the decision of the district court is found.

However, by statute compiled as section 425, vol. 1, '35 C.S.A., being chapter 6, Laws 1911, it is provided that, "All statutes granting and regulating appeals from district, county and juvenile courts to the supreme court, in all actions, suits and proceedings, both civil and criminal, are hereby repealed. Writs of error shall lie from the supreme court to every final judgment, decree or

order of any county court, district court or juvenile court, in all actions, suits and proceedings, (whether or not such action, suit or proceeding is governed by the code of civil procedure or was commenced under the provisions of the general statutes of this state)" etc. This provision has been carried over to rule 111 (a) (1) of our present rules of civil procedure which provides that writ of error shall lie to, "A final judgment of any district, county or juvenile court, in all actions or special proceedings whether governed by these rules or by the statutes."

It is here urged in support of the motion to dismiss, that our present rule is necessarily limited by the statute; that the word "proceedings" in the 1911 statute is not limited by the adjective "special," and that *Hewitt v. Landis*, 75 Colo. 277, 225 Pac. 842, is authority for the contention that said code section does not provide for writ of error in the case of special proceedings such as here sought to be reviewed. However, in that case the court was discussing the first sentence of the section, which repealed all statutes regulating appeals "in all actions, suits and proceedings," and held that said sentence was not intended to repeal the statutory provisions for appeal in special proceedings such as proceedings for forcible entry and detainer, which were specifically provided for by separate statutes and not by the code. Under like interpretation, that statute does not abolish the right of appeal to the district court in the statute here involved. But the court's interpretation of that sentence could not apply, and was not intended to apply, to the next sentence of the statute which provides for writs of error in all actions, suits and proceedings, whether or not governed by the code *or other statutory provisions.* It has been so held in *Ft. Morgan R. & I. Co. v. Putnam Ditch Co.*, 79 Colo. 606, 247 Pac. 452. Under the 1911 statute, then, error in such case as here involved does lie to this court, and in at least seven cases this court has reviewed on error such decisions of the district

court: *Phillips v. Commissioners,* 78 Colo. 387, 242 Pac. 70; *Phillips v. Commissioners,* 83 Colo. 82, 262 Pac. 523; *Singer Mfg. Co. v. Denver,* 46 Colo. 50, 103 Pac. 294; *Union Pacific Co. v. Hanna, Assessor,* 73 Colo. 162, 214 Pac. 550; *Grand Junction Sugar Co. v. Fellows,* 74 Colo. 242, 220 Pac. 992; *Fellows v. Grand Junction Sugar Co.,* 78 Colo. 393, 242 Pac. 635; *Board of Commissioners v. Cortez Co.,* 81 Colo. 266, 254 Pac. 996, and *City and County of Denver v. Lewin,* 106 Colo. 331, 105 P. (2d) 854.

In support of their second contention, counsel cite *Board of Commissioners of Arapahoe County v. Denver Union Water Company,* 32 Colo. 382, 76 Pac. 1060. There the assessor assessed the water company's franchise. Therefrom appeal was taken to the board of county commissioners, sitting as a board of equalization, and from its decision to the district court where it was held that franchises were not assesable. The county sought review in this court. The statute under which appeal was permitted to the district court (Session Laws 1889, page 24), provided "that whenever any person or corporation, owning *assessable* property within this State, has been unjustly or erroneously assessed thereon for the purposes of taxation," he might petition the board of county commissioners for its correction, and that upon denial there, he might appeal to the district court. We held in the Arapahoe County case that since the franchise was not assessable property, the statute did not apply; that, therefore, the board of county commissioners had no jurisdiction to correct or pass upon the question of such assessment, and that the district court likewise was without jurisdiction on appeal, as the statute contained no provision for such appeal either to the board or the court in the case of nonassessable property. However, here, too, the statute has been changed. Under our present statute,—section 116, chapter 142, '35 C.S.A., as amended by laws of '45, page 549, section 1, the procedure for appeal to the county board, and from the board to the district court, applies not only in case of unjust

or erroneous assessments of assessable property, but in case of assessment of exempt property, double assessment, and property otherwise illegally assessed, and it is specifically provided that the court shall not review or give relief against an assessment merely because excessive, unless it shall appear manifestly fraudulent, erroneous or oppressive. Hence, under the present statute, the court has jurisdiction on appeal similar to its jurisdiction in case relief were sought by certiorari on the ground that the board had exceeded its jurisdiction or abused its discretion.

The authority of the assessor is broader than as asserted by counsel. That authority is to make assessment of all assessable property in his county. Whether or not he wrongfully considers the constitutionality of a statute, his jurisdiction to assess still remains. On appeal the statute provides that, "The board of county commissioners may, in their judgment correct any error or mistake in such assessment made by the assessor under the law whenever, in their judgment, justice and right may require it." Thereunder, the jurisdiction of the board of county commissioners is plenary on review, and on appeal to the district court its jurisdiction is not restricted because it is derivative, but is restricted only by the provisions of the statute that it shall not review unless the assessment "shall appear manifestly fraudulent, erroneous or oppressive." *City and County of Denver v. Lewin, supra.*

█ As to the third contention, rule 111(f) of our rules of civil procedure, provides that, "Plaintiff in error shall file a 'Specification of Points' upon which he relies for reversal of the judgment," and that "such specification shall set out separately and particularly each point relied upon." While the wording has been changed in conformity with the rules of federal practice for appeal from the district court to the circuit court of appeals, yet in substance it is similar to the old rule requiring that each error should be separately alleged and particularly

specified. The new wording places emphasis on the point or rule relied on rather than on the error asserted. But points relied on must of necessity be grounded on errors committed, and the particular statement of a point would normally include statement of the error on which it is based. The specification of points should serve the function in this court that is served by the complaint in the trial court. It should not consist of vague generalities or of abstract declarations of law, but rather of a brief statement of each point of asserted error of the trial court and of the point or ground upon which counsel bases his contention that it was erroneous. The so-called points contained in the specification before us are of little service in that regard. However, rule 111(f), supra, also provides that, "the court may in its discretion notice any error appearing of record," and shall disregard technical defects not affecting substantial rights. In this proceeding the issue as to constitutional and statutory construction involved in the assessment of automobiles is so apparent and of such public importance that we believe justice requires its prompt consideration regardless of technical rule.

Accordingly, the motion to dismiss the writ of error is denied.