No. 16,938.

SITLER *v.* BRIANS.
(251 P. [2d] 819)

Decided October 6, 1952.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. JOSEPH W. ESCH, for defendant in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS was an action to contest the election of secretary of the Petersburg School District, No. 23, Sheridan, Colorado, held on May 5, 1952. Case was heard by the

county court on May 27, and docketed in this court on September 3.

Our school statute, section 80, chapter 146, '35 C.S.A., provides that in the adjustment of contests for such office "the rules of practice and procedure in contested elections for the office of sheriff shall apply, as far as applicable." Our election statute provides as to contest of a county office that, "An appeal from the judgment and final determination in any cause may be taken to the supreme court, the same as in other causes tried in said court; provided, that such appeal be prayed for, bill of exception settled, bond for costs executed and filed, and the record transmitted to the clerk of the supreme court within twenty days from the date of entering such judgment." Sec. 289, chap. 59, '35 C.S.A. (S.L. 1885, p. 198, sec. 17.)

Motion to dismiss writ of error is grounded on the fact that the case was not docketed in the supreme court within twenty days from the date of judgment.

By section 6, chapter 6, S.L. 1911, "All statutes granting and regulating appeals from District, County and Juvenile Courts to the Supreme Court, in all actions, suits and proceedings, both civil and criminal, are hereby repealed. Writs of error shall lie from the Supreme Court to every final judgment, decree or order of any County Court, District Court or Juvenile Court, in all actions, suits and proceedings, (whether or not such action, suit or proceeding is governed by the Code of Civil Procedure or was commenced under the provisions of the general statutes of this state) * * *."

In *Hewitt v. Landis,* 75 Colo. 277, 225 Pac. 842, which was an action under the forcible entry and detainer statute, it was held that the 1911 statute above quoted does not say "special proceedings," but "proceedings"; that there has always existed a recognized distinction between them, and the general assembly did not intend to abolish appeals in special proceedings provided by separate statutes, but meant only in such proceedings

as are provided for and included in our code. Under that interpretation of the statute it would appear that the twenty-day limitation of section 289 was not repealed by the 1911 statute.

By section 1, chapter 117, S.L. 1941, "Writs of error to any inferior tribunal shall be the only method for review by the supreme court of any action or proceeding, * * *." By section 2, "All statutes and parts of statutes * * *, providing any other method or procedure for reviewing any cause or proceeding by the supreme court, and all acts and parts of acts in conflict herewith, are hereby repealed."

The purpose of the 1941 statute seems to be to determine the method, rather than the time, of review by this court, and the change of method would not by implication change the time limitation.

Rule 111, R.C.P., sets out the requirements necessary to obtain a writ of error and the time thereof. After setting out the time limitations, Rule 111(b) concludes, "provided, however, that in special proceedings, if by statute a less time than 12 months is specified the statute shall control." Under *Ernst v. Lamb*, 73 Colo. 132, 213 Pac. 994, we held that limitation of the time within which writ of error may be brought belongs to the category of procedure and may be fixed by this court. Accordingly, both by virtue of the interpretation of the statute in *Hewitt v. Landis, supra,* and by virtue of our own Rule 111(b), it would appear that the attempted review of the case before us was not sought in apt time and that the motion to dismiss the writ of error should be and it is granted.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE ALTER, and MR. JUSTICE MOORE concur.